No. 27,114.

The State of Kansas, *Appellee,* v. Ed Axley, *Appellant.*

SYLLABUS BY THE COURT.

1. Criminal Law—*Verdict—Inconsistency as to Separate Counts.* The rule that a conviction on a charge of selling liquor will not be reversed merely because the defendant was found not guilty upon another count of the same information charging him with having had possession of the same liquor just prior to the sale, is held to be applicable, although the jurors had been instructed in effect that if the evidence warranted they might convict on either count and acquit on the other.

2. Same—*Res Judicata—Double Jeopardy.* Such rule, as here applied, is held not to violate the principle of *res judicata* or the constitutional provision against double jeopardy.

Appeal from Cowley district court; Oliver P. Fuller, judge. Opinion filed November 6, 1926. Affirmed.

*H. S. Hines,* of Arkansas City, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *C. H. Quier,* county attorney, for the appellee.

The opinion of the court was delivered by

Mason, J.: Ed Axley was prosecuted as a persistent violator of the prohibition law upon an information in two counts, the first charging him with the possession of intoxicating liquor, the second with its sale. He was acquitted on the first count and convicted on the second. He appeals on the ground that if the evidence proved him guilty of selling liquor it also necessarily proved him guilty of having the liquor in his possession.

---

Criminal Law, 16 C. J. p. 1108 n. 37.   Judgments, 34 C. J. p. 969 n. 96.

56—121 Kan.

The state's evidence was substantially to this effect: Two federal prohibition agents made arrangements with one Ira Hudson for the delivery of a gallon of liquor at his house at nine o'clock at night. At that time the two agents and Hudson were waiting at the house. The defendant came into the house with a jug of liquor in his hand. After the liquor had been sampled by those present one of the agents asked the defendant how much he owed him, and paid the amount he named—$12.50. The defendant said the liquor was rye whisky which he had made himself. A Ford coupe with a young man in it was outside and after some further conversation the defendant left in it.

The inconsistency between the two parts of the verdict—the finding the defendant guilty of selling the liquor, but not guilty of its possession, under evidence which if true proved him guilty of both—does not require a reversal. This proposition is fully covered by prior decisions of this court, supported by like rulings elsewhere. (*State v. Jackson*, 121 Kan. 711, and cases there cited.) The defendant, however, presents several special phases of the matter which invite further comment.

1. The defendant complains that the jury not only returned an inconsistent verdict, but did so in pursuance of an instruction that they might do so. A part of the charge read:

"You may, if the evidence warrants, find the defendant guilty upon one count and not guilty as to the other; or, if the evidence warrants, find the defendant guilty upon both counts, or not guilty as to either one or both counts."

It is argued that this was erroneous because it permitted the inconsistency referred to, and that it was prejudicial because it gave opportunity, of which advantage was taken, to return a compromise verdict, whereas if the jurors had been told that if they found the defendant guilty on the second count they must also find him guilty on the first, they might have acquitted him on both. A sufficient answer to this argument is that so far from telling the jurors the evidence warranted a conviction on the second count and an acquittal on the first, the court was at pains to limit the statement that a conviction might be had on either or both counts by the qualification which was twice stated, "if the evidence warrants." The court was not undertaking to say, and was not asked to say, what verdict the evidence did warrant in respect to the two counts. Doubtless

State v. Axley.

that aspect of the matter was not brought to its attention or considered.

2. The defendant also argues that in the situation presented by the evidence, the verdict of not guilty of having possession of the liquor was a finding of the nonexistence of an element essential to constitute the offense of selling, and therefore amounted to an acquittal on that charge, so that a conviction thereof violated the rule against double jeopardy. This feature of the matter was considered in *Gozner v. United States,* 9 F. (2d) 603, where it was said:

"Neither can we agree with the argument presented on behalf of the plaintiff in error to the effect that the verdict of acquittal on the first, second and third counts has the force of *res judicata* in any true legal sense with respect to the offense charged in the fourth count. Such argument must rest and proceed upon the theory that the findings of the jury as to such earlier counts were made before the jury considered the question of guilt or innocence under the fourth count. We think that such theory is based upon mere assumption, and is without any substantial basis either of fact or of law. There can, in our opinion, be no presumption that any particular count of an indictment was disposed of by the jury before any other count in the same indictment. The findings and verdict on all of the counts were returned by the jury at the same time, and such findings must be treated as made simultaneously with reference to each other. The doctrine, therefore, of *res judicata* can have no application." (p. 604.)

The case is not like *State v. McLaughlin,* ante, p. 693, where the act charged in one of two counts was merely an essential ingredient of the offense charged in another. Here the defendant's possession of the liquor appears to have constituted a completed offense before the making of the sale, rendering him liable to conviction on both counts. (*State v. Ford,* 117 Kan. 735, 232 Pac. 1023.)

The judgment is affirmed.