[Crim. No. 1716. Second Appellate District, Division Two.—November 1, 1928.]

THE PEOPLE, Respondent, v. BILL STOVALL et al., Defendants; LAUNIE MILLER, Appellant.

636

M. H. Broyles for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

WORKS, P. J.—Defendants were informed against jointly in two counts, the first charging them with the crime of grand theft, the second charging a violation of section 146 of the Motor Vehicle Act, both charges being based on the same taking of an automobile. Stovall and Roark entered pleas of guilty to the charge made under section 146 and the grand theft charge was dismissed as to them. Miller pleaded not guilty as to both charges and after trial was convicted of grand theft and acquitted of the charge of violating section 146. Miller appeals from the judgment and from an order of the trial court denying his motion for a new trial.

■ Section 146 of the Motor Vehicle Act (Stats. 1923, p. 564, Deering's Gen. Laws, Act 5128) provides: "Any person who shall drive a vehicle not his own, without the consent of the owner thereof and in the absence of the owner, and with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same, shall be deemed guilty of a felony." As this language denounces the asportation of an automobile, under the other circumstances stated in the section, appellant contends that his acquittal of the charge made under it rendered it impossible for the jury to find him guilty of grand theft. He therefore says that the verdict of guilty returned against him cannot stand. This does not follow. The real question—one to be mentioned again later—is whether the evidence was sufficient to establish guilt of grand theft. If it was, it is immaterial that the jury acquitted on the other charge. Perhaps a conviction should have resulted on both. Under a state of facts somewhat similar to that here presented we once said: "It may be conceded, for the purpose of the argument, that under the evidence the jury had as much reason for finding appellant guilty on the first and second counts as it had for finding him guilty on the third; but even so, the fact remains that the evidence was sufficient to justify the verdict on the third count, and we must conclude that the jurors were convinced of his guilt thereon. If the jurors paltered with their oaths and with the law they must make their own peace with conscience. If appellant was wrongfully acquitted on the first and second counts the error was in his favor, and he cannot be heard to complain. The fact that the jurors relieved him on two counts does not oblige this court to relieve him on the third" (*People* v. *Edwards*, 72 Cal. App. 102 [236 Pac. 944]).

■ It is contended that the evidence was insufficient to support the verdict finding appellant guilty of grand theft, but the contention cannot be upheld. A police officer testified to a conversation between him and appellant in which the latter made statements practically amounting to a confession of guilt. Appellant, it is true, took the witness-stand in his own defense and denied his guilt. This testimony, and that of the officer, gave rise only to a conflict of

evidence and the verdict indicates that the jury believed the testimony of the officer, as it had the right to do. There was also some other evidence, perhaps slight in character, which tended to support the verdict.

Immediately following a definition of the word theft, the trial judge instructed the jury "that when the property taken is an automobile that the offense is grand theft." It is objected to this instruction that "taken independent of any other instruction, it was misleading to the jury in that it assumed . . . that the defendant and appellant had taken an automobile." Even considered by itself, we think the instruction is not susceptible of the construction thus placed upon it, but it cannot be read "independent" of other instructions. All instructions must be read together in order to ascertain their import. Here the jury was carefully instructed as to the presumption of innocence and upon the law of reasonable doubt, and the judge also gave the usual instruction to the effect that he had not intimated or intended to intimate to the jury what facts were or were not established by the evidence. On the whole, we can see nothing in the questioned instruction that was erroneous or harmful.

Appellant insists that the following instruction, given by the court, was erroneous: "The defendant is charged . . . with grand theft and violation of section 146, California Vehicle Act, distinct offenses and may be convicted upon either or both." It is said that the crime of violating section 146 is included within the crime of grand theft and that, therefore, appellant could not have been convicted of both crimes. If the offense under section 146 was included under the charge of grand theft, this affords no reason why appellant should not have been convicted of the latter crime. If the instruction was erroneous, as contended, which we do not decide, appellant was not harmed by it as he was acquitted of the charge made under section 146.

Judgment and order affirmed.

Craig, J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 26, 1928, and

a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 27, 1928.

All the Justices concurred.