[Crim. No. 2095. Second Appellate District, Division One.—October 19, 1931.]

THE PEOPLE, Respondent, v. EMMET M. SMITH et al., Appellants.

Orbison & Irwin for Appellants.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Frank Stafford, Deputy District Attorney, for Respondent.

BISHOP, J., *pro tem.*—Appellants, Smith and Hall, were jointly charged with having broken into two garages, stolen two automobiles and driven them without the consent of the owners. These accusations were embodied in six counts, two charging burglary, two grand theft and two alleging violations of section 146 of the California Vehicle Act. Appellant Smith was convicted on five counts, appellant Hall on three. Contrary to their contention, the evidence, we find, warranted the convictions.

Appellants' guilt of the crimes of burglary and grand theft was established by evidence purely circumstantial. That someone entered the garage where a Studebaker was housed and stole it and a bag, a lamp and other articles, was proven. Also, there was evidence that some two weeks before, someone had entered a garage where a Buick was kept and had stolen it and an army blanket. There was no direct proof that either appellant entered either garage or stole either car. From the evidence it

appeared, however, that appellant Hall stored a Studebaker which was identified as being the one stolen. His explanation to the garage man was that it belonged to a bootlegger friend, Adkins. When recovered it was powered by a motor other than the one originally in it. This motor came from a disabled Studebaker, purchased by Hall and hauled to a private garage rented by him under the name of Adkins. In this garage, at one time, was seen the purchased wreck with its motor removed. Here also was found the registration white slip of the stolen car. To this garage, appellant Hall drove up in a Buick sedan, but observing an officer's face framed in the open doors, dashed down the alley and made his escape. Smith, too, was connected with the Studebaker. At his residence were found scattered Studebaker parts. He admitted delivering a Studebaker motor to the address which Hall, as Adkins, had rented. In his possession was found a memorandum of the license number of the stolen Studebaker car, which he said was the number of a car located at the rented place. In what amounted to a confession, he told where the personal property taken with the car could be found, and there it was found.

The Buick, which Hall drove slowly to and hurriedly from his Adkins' location, was found at Smith's residence when he was apprehended. Again, there had been the substitution of a motor, but otherwise its owner identified it as the car taken from his garage. Both appellants participated in the purchase of the Buick, burned beyond redemption, from which the motor was salvaged to substitute in the stolen car. The army blanket that was on the robe rail when the car was stolen was found on Hall's bed.

This evidence goes beyond proof of mere possession of stolen property, and is clearly sufficient to warrant the jury's verdicts of guilty. (*People* v. *Lang*, (1904) 142 Cal. 482 [76 Pac. 232]; *People* v. *LeRoy*, (1923) 192 Cal. 498 [221 Pac. 353]; *People* v. *Fain*, (1929) 100 Cal. App. 439 [280 Pac. 162].) We have detailed the evidence as much as we have because of the stress appellants place upon the fact that the jury returned verdicts of guilty and not guilty scattered among the six counts against each appellant, on a basis defying rational explanation. There is a rational explanation of the jury's determination that while Hall was guilty of driving the Studebaker without the owner's con-

sent, Smith was not; for the only driving directly witnessed, after the burglary and theft, was by Hall and not Smith. The other seeming inconsistencies are either susceptible of explanation or do not permit a reversal. ■ It was not necessarily inconsistent for Hall to be found guilty of the charge that he drove the Buick without the owner's consent while he was cleared of the charge that he had stolen the Buick. Elements necessary to the grand theft charge may not have been established to the satisfaction of the jury, though they were satisfied that he had been seen driving the car, contrary to section 146 of the California Vehicle Act, after the burglary and theft. In such a case an acquittal of one charge will not operate to release from the conviction of the other. (*People* v. *Day*, (1926) 199 Cal. 78 [248 Pac. 250]; *People* v. *Kimmerle*, (1928) 90 Cal. App. 186 [265 Pac. 525]; *People* v. *Cordish*, (1930) 110 Cal. App. 486 [294 Pac. 456]; *People* v. *McCollum*, (1931) 116 Cal. App. 55 [2 Pac. (2d) 432].) ■ On the same authorities, Hall's acquittal of the charge of burglary in the case of the Studebaker must be held not to relieve him of his conviction on the charge of stealing it. Nor, in view of the abundance of the evidence warranting Smith's conviction of burglary on both counts charging that crime, is it a valid basis of complaint on his part, that the jury did not convict Hall on either count; although why they did not do so is plain neither to appellant Smith nor us. It has been held that the conviction of a co-defendant for a lesser crime than that of which an appealing defendant was found guilty is no basis for setting aside the appellants' conviction. (*People* v. *Black*, (1927) 80 Cal. App. 605 [251 Pac. 321]; *People* v. *Richardson*, (1927) 83 Cal. App. 302 [256 Pac. 616]; *People* v. *Burdg*, (1928) 95 Cal. App. 259 [272 Pac. 816].) We apply the principle of these cases to this case, where the co-defendant was released by the jury.

■ Still another inconsistency is presented by Smith's conviction of the crime of grand theft, but his acquittal of the charge of violation of section 146 of the California Vehicle Act, for there is no pretense that the jury could have believed that the Studebaker was stolen in any other manner than by driving it away. A situation identical with this was reviewed in *People* v. *Stovall*, (1928) 94 Cal. App. 635 [271 Pac. 576], where it was held to be "immaterial that

the jury acquitted on the other charge'' if the evidence was sufficient to uphold the one.

The record before us so clearly establishes the guilt of appellants on all the charges of which the jury found them guilty, that we are not disposed to grant them relief because the jury failed to convict them of the commission of the other crimes which the evidence as clearly established. They had the benefit of the jury's compassion, rather than suffering a burden because of its passion, as they claim. If error was committed it was in appellants' favor and of this they cannot complain. (*People* v. *Edwards,* (1925) 72 Cal. App. 102 [236 Pac. 944].)

The judgments and orders denying new trials are affirmed.

Houser, Acting P. J., and York, J., concurred.