[Crim. No. 61.  Fourth Appellate District.—March 21, 1932.]

THE PEOPLE, Respondent, v. CLARENCE KING, Appellant.

Stephen Bedford for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

THOMSON, J., *pro tem.*—By an information filed in the superior court defendant and appellant Clarence King and one Edward L. Dobbs were charged jointly with the commission by them of the crime of grand theft, they being charged with stealing an automobile belonging to Katherine E. Smith; and by another information filed in said court defendant and appellant alone was charged with the commission by him of the crime of grand theft, he being charged with stealing an automobile belonging to Clark Blecka. The two cases were consolidated for trial. The jury returned a verdict of not guilty of the charge of stealing the Blecka car and guilty of the charge of stealing the Smith car. This appeal is taken by defendant King from the

judgment of conviction and from the order of the trial court denying his motion for a new trial.

Appellant makes two general assignments of error; first, that the evidence is insufficient to support the verdict; second, that the trial court erred in denying to appellant the right to cross-examine a witness upon the location of secret numbers on an automobile after said witness testified on that subject on direct examination.

With reference to appellant's first contention, we are convinced that there was ample evidence adduced at the trial to support the verdict. The evidence, which for the purposes of this appeal we must assume is true, shows that on the evening of April 9, 1931, Mrs. Smith left her Ford coupe automobile on a public parking lot in the city of San Bernardino while she attended a theater. At the close of the show she returned to the parking lot but the car was not there. Mrs. Smith had not given anyone permission to take the car and whoever took the car took it without her knowledge or consent. The evidence further shows that on or about April 9, 1931, one Al Globenfelt, one of the proprietors of an automobile supply and automobile wrecking business in Fresno, sold to said Dobbs (operating under the name of George Brown) the salvaged chassis and motor of a Ford car, which had belonged to a Mrs. Miles, but had been in a fire, and was sold to Globenfelt by an insurance company. Two or three days thereafter Dobbs appeared at Globenfelt's place of business and offered to sell him a Ford coupe. Dobbs told Globenfelt that the coupe would be there in a few minutes, and a few minutes after that appellant drove a Ford coupe to Globenfelt's place of business. Dobbs thereupon introduced appellant to Globenfelt under the name of Miller. Globenfelt purchased the car, the negotiations for its sale and the agreement as to the purchase price being had and concluded in the presence of appellant, although the evidence did not show whether or not he was present when the purchase price was actually paid to Dobbs. This car bore the license number and motor number of the Miles car and Dobbs transferred the pink certificate of ownership of the Miles car to Globenfelt. This car was later identified as the Smith car by Mrs. Smith, who identified the car as hers by "a mar on the upholstery", and by her son, who identified the car as his mother's car

by two small holes which he had drilled on the bracket between the headlights for the purpose of attaching a siren. It was also identified by a witness named Potts, whose testimony will be discussed later in this opinion. Dobbs, the other defendant charged in the information relating to the Smith car, testified at the trial that he stole the Smith car and he entered a plea of guilty to that charge. At the time of the arrest of the appellant, he was in possession of another stolen car in the city of Bakersfield. At that time he gave his name as Albert Forbes. When asked about that car he said to the peace officer who arrested him, "If you think I stole that car it is your business to prove it. I am admitting nothing."

■ Without considering the testimony of the witness Potts, we think the facts above outlined are sufficient to justify the verdict. Such evidence is sufficient to at least constitute appellant an accomplice of Dobbs in the theft of the Smith car. " . . . all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall hereafter be prosecuted, tried, and punished as principals. . . . " (Pen. Code, sec. 971.)

■ It is true that possession of stolen property alone is not sufficient to prove the theft thereof by the party in whose possession it was found, but the recent possession, together with guilty behavior on the part of a defendant is sufficient. In the instant case appellant was in possession of the stolen Smith car, in a disguised condition, within three days after it was stolen. He was accompanied by the man who admittedly did steal this car; he acted under an assumed name; he was present and acquiesced in the sale of this stolen car to Globenfelt; and the jury could very well have inferred from the evidence that he acquiesced in the acceptance of, and shared in a division of, the purchase price; and when arrested, appellant again gave an assumed name. Such evidence is sufficient to find appellant guilty of the theft of the Smith car. (*People* v. *Robertson,* 117 Cal. App. 413 [3 Pac. (2d) 946]; *People* v. *Lang,* 142 Cal. 482, at 484 [76 Pac. 232]; *People* v. *Fain,* 100 Cal. App. 439 [280 Pac. 167].)

■ In addition to the evidence mentioned above, the record shows an abundance of evidence tending to show

that Dobbs and appellant were operating under a common scheme or plan to steal automobiles, disguise them and dispose of them in an altered condition. Evidence was introduced to prove that Dobbs and appellant together disposed of an automobile belonging to one Clark Blecka. There was evidence to show that this automobile was stolen; that it was afterward altered by substituting a motor which had been in a burned, salvaged car, by attaching the license plates of the burned car to the Blecka car; and that the Blecka car, as thus altered, was then sold to Globenfelt and the pink certificate of ownership of the burned car assigned and delivered to Globenfelt with the Blecka car. .A witness testified that Dobbs and appellant participated together in the sale of the Blecka car. Here we have the identical plan or scheme used with the Smith car, at a time prior to the theft of the Smith car. In this connection it is interesting to note the following portion of the testimony of Al Globenfelt, while testifying about stolen cars which had been sold to his firm by Dobbs and appellant: "Q. You say there were some others there also brought in of the same kind? A. Yes, sir, quite a few. Q. Some others by these defendants? A. Yes, sir, about 50 of them. Q. You mean 50 that were stolen? A. Stolen cars, yes, sir." Evidence of the other crimes was competent to show that appellant had guilty knowledge of the source of the Smith car and also to show a general plan or scheme engaged in by Dobbs and appellant. Ordinarily evidence of the commission by a defendant of other similar offenses, which are separate and isolated from the crime charged, is not admissible; but there are certain well-recognized exceptions to this rule, among which is the exception that such evidence is admissible when it tends to establish intent or guilty knowledge, motive, or a common scheme or plan embracing the commission of two or more crimes so related to each other than proof of one tends to establish the other. (8 Cal. Jur., pp. 61 and 69; *People* v. *McGill,* 82 Cal. App. 98, 102 [255 Pac. 261].) The evidence in this case relating to the commission of other crimes, including the possession of a stolen automobile at the time of the arrest of appellant, was competent to prove the following facts: First, that appellant had guilty knowledge of the source of the Smith car (*People* v. *Zimmerman,* 11 Cal. App. 115, 118 [104 Pac.

590]); second, that the act of appellant in driving the Smith car to the Globenfelt place of business was merely a part of a common plan, system or scheme jointly participated in by Dobbs and appellant to steal automobiles, disguise them, and dispose of them in their altered condition (*People* v. *Berry,* 191 Cal. 109 [215 Pac. 74]; *People* v. *Cordish,* 110 Cal. App. 486, 498 [294 Pac. 456]; *People* v. *Stutsman,* 66 Cal. App. 134 [225 Pac. 477]; *People* v. *Sindici,* 54 Cal. App. 193, 194 [201 Pac. 975]; *People* v. *Zimmerman, supra*); and third, that prior to the commission of the offense charged, Dobbs and appellant had entered into a general conspiracy to commit a series of automobile thefts and that the offenses on which appellant was tried were but a part of this general underlying conspiracy. (Pen. Code, sec. 182; *People* v. *Wilson,* 76 Cal. App. 688, 694 [245 Pac. 781].) We are of the opinion that, even if it were doubtful that the evidence, other than that of similar offenses, is sufficient to warrant the conviction, still, when considered with the evidence of other offenses, there can be no doubt that the evidence is sufficient to sustain the conviction of appellant.

Appellant contends, however, that, because he was acquitted on the charge of stealing the Blecka car, all of the evidence offered in support of that charge must have been disregarded by the jury in arriving at its verdict in the case now on appeal; and that the remaining evidence was insufficient to support a conviction. We have already disposed of this contention, so far as it relates to the sufficiency of the evidence in the absence of evidence of other thefts; and we do not agree with appellant's conclusion that the jurors must have disregarded the evidence relating to the Blecka car because they acquitted appellant on the charge of stealing the Blecka car. The evidence in regard to the Blecka car was properly admitted at the trial and we cannot determine what part of it was satisfactory and convincing to the jury and what part of it was not. The jurors might have had a reasonable doubt as to one particular element necessary to prove appellant guilty of the theft of the Blecka car and consequently acquitted him as to that charge, and they might have believed all the rest of the evidence touching upon the theft of the Blecka car and appellant's connection with it. This evidence was before the

jury and, regardless of the jury's reason for not finding appellant guilty of stealing the Blecka car, this evidence also related to the charge of stealing the Smith car, in that it tended to prove that Dobbs and appellant were operating as partners or co-conspirators in a common design and system. If the appellant had been tried on the charge involving the theft of the Smith car, without consolidating the case involving the theft of the Blecka car, evidence of the theft of the Blecka car would have been admissible to show such a common plan or scheme. (*People* v. *Phillips,* (Feb. 10, 1932) 120 Cal. App. 644 [8 Pac. (2d) 228] ; *People* v. *Smith,* 117 Cal. App. 530 [4 Pac. (2d) 268] ; *People* v. *Berry,* 191 Cal. 109, 122 [215 Pac. 74] ; *People* v. *Stovall,* 94 Cal. App. 635, 637 [271 Pac. 576] ; *People* v. *McGill, supra.*)

██  G. F. Potts, a witness called by the People, testified that he was, at the time involved in the case, a special agent of the National Auto Theft Bureau at Fresno, that he was also a Fresno police officer, and that he inspected the Smith car and the Blecka car to identify them. He identified each of these cars by means of what· he called a "secret number", which the evidence indicates is the motor number of the car, stamped on a hidden place on the body of the car, which location is known only to the manufacturer and the National Auto Theft Bureau, and these numbers are used for the sole purpose of identifying stolen cars. These numbers are communicated in confidence to said bureau and to peace officers. On cross-examination counsel for appellant asked this witness: "Where is that number at?" This was objected to. The court thereupon stated to counsel for appellant, "You are privileged to cross-examine on any and all matters pertaining to those secret numbers, except as to their location" and the trial court denied a motion to strike out the testimony of the witness as to the secret numbers. The record shows that the rulings on the objection and on the motion were made on the ground that the information relative to the secret location of these numbers constituted such a communication to a public officer as is specified under the provisions of section 1881, subdivision 5, of the Code of Civil Procedure of California, which reads as follows: "A public officer cannot be examined as to communications made to him in official confidence,

when the public interest would suffer by the disclosure." There is no doubt that the information regarding these "secret numbers" is such a communication and is privileged under the statute, and, if the witness had not testified on direct examination respecting the fact that these numbers are stamped on secret locations on the cars, and that he compared such stamped numbers with the motor numbers of the Smith car and the Blecka car, no doubt he could have claimed this privilege. But by reason of the fact that the witness voluntarily testified in response to questions by the district attorney about these matters, a very different question is presented. Without an opportunity for such cross-examination, appellant had no way of checking up on such testimony to determine if the stamped numbers were on the cars, or if the witness correctly testified to his comparison of these numbers with the motor numbers respectively. In the view we take of this case it is not necessary to determine this question, for the reason that we believe that the identification of the Smith car by Mrs. Smith and her son, when considered with all the other facts and circumstances of the case, was a sufficient identification without the identification made by the witness Potts. If the rulings of the trial court on said objection and said motion were erroneous, they were not prejudicial to the substantial rights of defendant (Const., art. VI, sec. 4½; Pen. Code, sec. 1258).

The judgment and order appealed from are, and each of them is, affirmed.

Barnard, P. J., and Marks, J., concurred.