[Cr. A. No. 887.   Appellate Department, Superior Court, Los Angeles County.—March 7, 1933.]

THE PEOPLE, Respondent, v. HARRY HOROWITZ et al., Appellants.

(2 Cal. Supp. 56.)

Reames, Lake & Mulvihill for Appellants.

Erwin P. Werner, City Attorney, Mark L. Herron, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Respondent.

BISHOP, J.—At the conclusion of a juryless trial, appellants were convicted of the offense stated in count I of the complaint; count II was dismissed. It is upon the dismissal of count II that appellants pin their hope of a reversal. They contend that if they were not guilty of the charge set forth in the second count, they were not of that contained in the first, and that as the dismissal operated as an acquittal of the one charge, their conviction of the other cannot stand. We find this position untenable.

By three complaints the ten appellants were charged with the same offenses, except for some variation in the dates when the offenses were alleged to have taken place. As illustrative, we may take the two counts placed against eight of the defendants, by which they were accused in count I of violating section 1, Los Angeles city ordinance No. 60587 in that they did, ''as owners, managers, producers, directors, actors and agents and in other capacities give, direct, present and participate in, an indecent, obscene, immoral, and impure *drama, play, exhibition, show and entertainment,*

within the presence and hearing of divers youths and others at that certain theatre and playhouse located at 235 South Main Street in said City, which said *drama, play, exhibition, show, and entertainment* then and there tended to corrupt the morals of youths and others then and there present as aforesaid''. In count II the same charge was made, except we find in place of the words italicized (by us) in the first count, the following: ''scene, tableau, incident, part, and portion of a drama, play, exhibition, show and entertainment''. In effect, it will be noted, the defendants were first charged with putting on an immoral and indecent show, then with putting on an immoral and indecent scene or part of a show. At the conclusion of the trial by the court without a jury, the defendants, as already stated, were found guilty on the first count; the second count was dismissed.

The present convictions are, obviously, not to be disturbed because of the protection the law affords against double jeopardy. It may well be that, following a reversal of these judgments, appellants could successfully press the plea of once in jeopardy against a new trial because of the fact that they had gone to trial under the dismissed count. (*People* v. *Ny Sam Chung,* (1892) 94 Cal. 304 [29 Pac. 642, 28 Am. St. Rep. 129].) A plea of once in jeopardy has no place, however, in this case, where the jeopardy referred to took place at the same trial as the conviction sought to be set aside. (*People* v. *Degnen,* (1925) 70 Cal. App. 567 [234 Pac. 129]; *People* v. *Day,* (1926) 199 Cal. 78 [248 Pac. 250]; *People* v. *Clensey,* (1929) 97 Cal. App. 71 [274 Pac. 1018].)

Appellants' most strongly urged argument is that the dismissal of the second count was an acquittal on that charge and that, as an acquittal, it is so inconsistent with the finding of guilt under count I that the latter cannot stand. If we admit, for the moment only, that the dismissal was an acquittal, and that one not guilty of participating in an indecent part of a show could not be guilty of participating in an indecent show, still it does not follow that the judgments must be reversed. Authorities could be cited which would seem to support a reversal. (*People* v. *Andursky,* (1925) 75 Cal. App. 16 [241 Pac. 591]; *People* v. *Puppilo,* (1929) 100 Cal. App. 559 [280 Pac. 545].) But we find more persuasive cases recognizing that such incon-

sistent verdicts may be caused not by the confusion but the mercy of the jury, of which the appellant can neither complain nor gain further advantage. (*People* v. *Stovall,* (1928) 94 Cal. App. 635 [271 Pac. 576]; *People* v. *Smith,* (1931) 117 Cal. App. 530 [4 Pac. (2d) 268]; *State* v. *Jackson,* (1926) 121 Kan. 711 [249 Pac. 688]; *State* v. *Axley,* (1926) 121 Kan. 881 [250 Pac. 284].) Moreover, probably to avoid the result of those cases which interpret inconsistent verdicts as acts of stupidity rather than acts of leniency, section 954 of the Penal Code was amended in 1927 so that it now reads, in the part here controlling:

"An indictment . . . or complaint may charge . . . different statements of the same offense . . . under separate counts. . . . A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count." This last sentence is applied in *People* v. *Ranney,* (1932) 123 Cal. App. 403 [11 Pac. (2d) 405, 406], where a contention has been made that a conviction on two counts could not stand because of an acquittal on five counts. In part the court said: "Each count must stand upon its own merit. The amendment to section 954 of the Penal Code conclusively settles this controversy adversely to the contention of appellant." Nowhere do we find the validity of the amended section questioned; nowhere else do we find that it came to the attention of the court. We conclude that even if the dismissal be regarded as an acquittal, that is no reason why the judgment of conviction, based on ample evidence, should be reversed.

■ We are of the opinion, however, that the dismissal was not an acquittal. While the record fails to contain the reasons for the dismissal, as required by section 1385 of the Penal Code, there is no reason to presume that it was because of the insufficiency of the evidence, for that is not a ground of dismissal. (*People* v. *Fouts,* (1923) 61 Cal. App. 242 [214 Pac. 657].) It is quite evident that, in *People* v. *Clensey, supra,* the court considered a dismissal something else, and less, than an acquittal. A dismissal connotes a refusal to determine guilt rather than a finding that there is no guilt. Particularly is this true under the circumstances of this case. The trial judge, at the conclusion of the evidence, found the defendants guilty of the offense charged in the first count. It was apparent that

the first was so allied to the second that a conviction on the second count would but lead to complications. No sentence could be imposed, for that would result in double punishment. (*People* v. *Degnen, supra; In re O'Connor,* (1927) 80 Cal. App. 647 [252 Pac. 730]; *In re Nichols,* (1927) 82 Cal. App. 73 [255 Pac. 244]; *People* v. *Marks,* (1927) 83 Cal. App. 370 [257 Pac. 92]; *People* v. *Oliver,* (1929) 102 Cal. App. 29 [282 Pac. 813]; *People* v. *Clemett,* 208 Cal. 142 [280 Pac. 681]; *In re Crawford,* (1930) 109 Cal. App. 33 [292 Pac. 520].) He did not want to find the defendants not guilty, for he was convinced of their guilt. There was but one logical way out: dismiss the superfluous count. This he had a right to do, under section 1385 of the Penal Code, "in furtherance of justice". (*People* v. *Smith,* (1904) 143 Cal. 597 [77 Pac. 449, 450]; *People* v. *Brown,* (1919) 42 Cal. App. 462 [183 Pac. 829].)

We are of the opinion, therefore, that there is no formula, framed to safeguard the rights of those charged with crime, which is offended by the affirmance of these judgments; nor is there statute or case authority justifying a reversal.

No useful purpose would be served by a review of the evidence. We find it sufficient to support the convictions of all appellants save Edward Sweeney and James Allen; as to them a strong suspicion of guilt is the most that the record discloses. The judgments and orders appealed from are, therefore, affirmed as to all appellants other than Edward Sweeney and James Allen; the judgments and orders affecting them are reversed.

McLucas, P. J., and Fox, J., concurred.