[Crim. No. 4921.   In Bank.   Mar. 31, 1949.]

THE PEOPLE, Respondent, v. JAMES J. KEHOE, Appellant.

Raymond McClure, under appointment by the Supreme Court, for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

EDMONDS, J.—James J. Kehoe was convicted by a jury of the crimes of grand theft and driving an automobile without the permission of the owner. The sentence imposed for each of these offenses was imprisonment for the term prescribed by law. His appeal from the judgment, and from the order denying his motion for a new trial, presents for decision only the question of the sufficiency of the evidence to support the conviction for both of the crimes.

The first count in the information charged Kehoe with grand theft in that he did "wilfully, unlawfully, and feloniously

steal, take and carry away one motor vehicle. . . ." (Pen. Code, § 487.) By a second count it was alleged that Kehoe did "on or about" the same day, "wilfully, unlawfully and feloniously drive and take a motor vehicle . . . not his own . . . without the consent of the owner thereof, and in the absence of the owners. . . ." (Veh. Code, § 503.) Each crime, according to the information was committed in Humboldt County.

Kehoe entered pleas of not guilty and, upon trial, the prosecution offered evidence showing that Dale E. Kortie left an automobile on a street in Eureka. Kortie had recently purchased the car from George R. Nelson, who retained the certificate of ownership as security for the payment of part of the purchase price. Both Kortie and Nelson denied ever having seen Kehoe or having given him permission to drive the automobile. The People established Kehoe's presence in Eureka at the time the car was taken by his registration at a local hotel and proof that he pawned a camera and watch there on the same day. His own story, as related at the preliminary hearing and admitted into evidence on the trial, although it strongly conflicted with many of his earlier explanations, was that he had been drinking in a bar in Eureka with a man whom he identified as "Chuck." When they were "both two sheets to the wind," "Chuck" asked him where he was going. Kehoe said he was on his way to Los Angeles and "Chuck" then offered him the use of his car for the trip. While Kehoe packed his belongings, "Chuck" left him and returned in about 15 minutes with the automobile. Kehoe got in the car and "Chuck" drove him to the outskirts of the town, where "Chuck" left him to continue on alone. But Kehoe did not produce "Chuck" as a witness nor was he able to identify him or otherwise substantiate his story.

One week after the automobile was taken, police in Salinas, about 400 miles from Eureka, arrested Kehoe while he was driving the car. There is no definite evidence as to his whereabouts during the interim, but the record includes testimony that, at a time not specified, he had left his watch at a service station in Healdsburg as security for some gasoline. It was also shown that Kehoe traveled through Oakland, where he pawned some personal property, but again, there is no evidence to establish the time he was there or how long he remained.

Kehoe states three grounds as the basis for his attack upon the judgment entered pursuant to the verdicts finding him guilty of each of the offenses charged against him. He asserts:

(1) that the evidence does not sustain the verdicts on both counts; (2) that the court erred in its instructions stating that he might be convicted on both counts, and (3) that the judgment should be reversed rather than modified. In substance, Kehoe's position is that the evidence, insofar as it is material to the charges in the information, shows but one criminal act, and that conviction upon both counts constitutes imposition of double punishment, prohibited by section 654 of the Penal Code. The attorney general has framed the issue in terms of "included offenses," and argues that, under the authorities, section 503 of the Vehicle Code is not an offense included within the crime of grand theft as defined by section 487 of the Penal Code.

The doctrine of included offenses is a part of the constitutional guarantee against double jeopardy. (Cal. Const., art. I, § 13.) Section 1023 of the Penal Code implements that guarantee by providing that a prior conviction is a bar to subsequent prosecution for the same offense "or for an offense necessarily included therein." In determining whether this section is applicable to a specific situation, it is necessary first to determine whether a given crime, by definition, necessarily and at all times is included within another one. (See discussion in *People* v. *Greer*, 30 Cal.2d 589, 595 [184 P.2d 512].) But although a given crime is not "necessarily included" within another one for the purpose of the double jeopardy statute, under certain circumstances the conviction of both crimes cannot be justified. The Penal Code recognizes this principle in section 654, which declares: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one. . . ." This section is not concerned with the question of whether the particular crime, in the abstract, necessarily and always is included within another one, but rather, it is directed to the question of whether two statutes punish one specific act of the defendant. Accordingly, the question here presented for decision is whether, under the facts shown in the record now being reviewed, Kehoe may be punished both for the violation of section 503 of the Vehicle Code and for the crime of grand theft, of which he was also convicted.

There is a gradual differentiation in substance between the crimes defined in section 499b of the Penal Code (the so-called "joy-ride statute"), section 503 of the Vehicle Code, and section 487 of the Penal Code. The first of these statutes

defines as a crime the act of driving or temporarily using an automobile without the consent of the owner. Section 503 makes such conduct an offense if done in the absence of the owner with the intent to deprive him temporarily or permanently of title or possession. Section 487 declares that the theft of an automobile, which requires an intent to deprive the owner permanently of its value and to appropriate the property to the use and benefit of the person taking it, is a crime. Section 499b classifies the crime it defines as a misdemeanor; the other two crimes are made felonies. The violation of section 503 is punishable by imprisonment for from one to five years in the state prison, or by one year of imprisonment in the county jail, or by a fine not exceeding $5,000, or by both such fine and imprisonment. The punishment for theft of an automobile, as defined by section 487, is imprisonment in the state prison for from one to ten years.

Obviously the three statutes are part of a general legislative plan of protection and punishment conceived to prevent the taking or use of an automobile without the owners' consent. Different punishment is fixed to correspond with the intent with which each offense is committed, but the legislation is directed against one evil. Insofar as they relate to a single act of taking an automobile without the permission of the owner, section 503 of the Vehicle Code and section 487 of the Penal Code may subject the offender to but one punishment.

The position of the attorney general does not squarely meet the points relied upon by Kehoe, who is claiming the protection of section 654 of the Penal Code against double punishment for the same act. The State is endeavoring to justify the dual conviction by showing that the offense specified in section 503 of the Vehicle Code is not included within grand theft, and discusses several cases upon that question. In *People* v. *Jeffries,* 47 Cal.App.2d 801, 807-8 [119 P.2d 190], it was said that "[b]oth in substance and in form the offenses charged are distinctly different," but this conclusion was not necessary to the opinion. A sounder analysis is found in *People* v. *Stovall,* 94 Cal.App. 635 [271 P. 576] (approved in *People* v. *Smith,* 117 Cal.App. 530 [4 P.2d 268]), where the court observed that no issue as to separate or included offenses was raised by the appeal but, on the contrary, there was only a question concerning the sufficiency of the evidence to support the conviction.

Two decisions, aside from *People* v. *Smith, supra,* and *People* v. *Jeffries, supra,* are cited by the attorney general as authority

for the proposition that the violation of section 503 of the Vehicle Code is not an offense included within section 487 of the Penal Code. One of them, *In re Connell*, 68 Cal.App.2d 360 [156 P.2d 483], concerned the determination that the defendant was an habitual criminal, and the language relied on was, at most, dictum. The other one, *People* v. *Bean*, 88 Cal.App.2d 34 [198 P.2d 379], was decided upon facts substantially the same as those of the present case and the contention as to double punishment was rejected after a reference to the doctrine of included offenses and the citation of *People* v. *Jeffries, supra*. Insofar as it considers the question of double punishment, the opinion in the Bean case is contrary to the rule here stated and is disapproved.

*People* v. *Cuevas*, 18 Cal.App.2d 151 [63 P.2d 311], also cited by the attorney general, was decided upon evidence quite different from that in the present case. There, the defendant was convicted of a violation of section 503 committed more than three years after the theft of the automobile which he was charged with operating illegally. The court rejected the contention that the bar of the statute of limitations as to a prosecution for theft was equally applicable to a charge of the violation of section 503 of the Vehicle Code after noting that "the crime of larceny of the automobile had been completed, [and] the subsequent act by the defendant in driving the automobile without the consent of its owner was entirely separate and disconnected from the original theft of it."

The record here under review shows a theft completed in Eureka and Kehoe's arrest one week later while driving the automobile in Salinas. Upon this evidence, he might also have been prosecuted in Monterey County for driving an automobile without the owner's permission. (*People* v. *Cuevas, supra*.) The attorney general attempts to justify the dual convictions by stating that "[a]ppellant was not apprehended with the car until he was many hundred miles away from the scene of the original taking and several days later," and he also refers to "appellant's subsequent acts of utilizing the car as he did." But the information charged that each offense was committed on or about the same day in Humboldt County, and, in the absence of any evidence showing a substantial break between Kehoe's taking and his use of the automobile in that county, only the conviction for one offense may be sustained.

Accordingly, although it was proper to charge Kehoe with both crimes in the information and the record would support

his conviction of either of them, it was error for the court to enter a judgment finding him guilty of both offenses. Since he was found guilty of grand theft, the lesser crime of violation of section 503 may be said to have merged into that conviction. Although the sentences were ordered to run concurrently, to "preclude the dual judgments of the trial court from hereafter working any possible disadvantage or detriment to the defendant in the later fixing of his definite term of the [Adult Authority]" (*People* v. *Craig*, 17 Cal.2d 453, 458 [110 P.2d 403]), the judgment, insofar as it finds Kehoe guilty of a violation of section 503 of the Vehicle Code, is reversed with directions to the trial court to dismiss count two of the information. In all other respects, the judgment is affirmed as is also the order denying a new trial.

Gibson, C. J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I concur in the judgment, but it is my opinion that *People* v. *Cuevas*, 18 Cal.App.2d 151 [63 P.2d 311], cited in the majority opinion, is unsound and should be disapproved. It holds, in effect, that each day a car is driven without the owner's consent constitutes a new offense, that is, section 503 of the Vehicle Code creates a continuous offense. That section provides that any person who "drives" or "takes" a vehicle without the consent of the owner is guilty of a violation thereof. That implies that the crime is complete once the car has been driven. Where there is a continuous transaction from the first driving of the vehicle, there should not be a new offense each day the car is driven. To so hold would render such an offender susceptible to a greater penalty than the theft of a car which plainly was not the intent of the Legislature. It will be noted that the section provides that either driving or taking is a violation. Certainly there is not a new taking every day the vehicle remains in the possession of the defendant.