Filed 3/15/16  P. v. Ha CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B260816 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA094266) |
| v. | |
| RICKY HA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Affirmed as modified.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Michael R. Johnsen and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Ricky Ha was convicted following a jury trial of one count of grand theft of an automobile (Pen. Code, § 487, subd. (d)(1)), one felony count of unlawful taking or driving a vehicle (Veh. Code, § 10851, subd. (a)), and one misdemeanor count of shoplifting (Pen. Code, § 459.5). In bifurcated proceedings the trial court found true the special allegation that Ha had suffered a prior serious conviction for arson within the meaning of the three strikes law and sentenced him as a second strike offender to an aggregate state prison term of 5 years 10 months including consecutive terms for unlawful taking or driving of a vehicle (four years) and grand theft of an automobile (16 months). On appeal Ha argues his unlawful-taking-or-driving conviction must be reversed as a lesser included offense of grand theft of an automobile or, alternatively, the trial court erred in refusing to stay execution of his sentence on one of the two automobile-related offenses pursuant to Penal Code section 654. We reject Ha's contention regarding separate convictions but agree execution of his subordinate term sentence for grand theft of an automobile must be stayed. We modify his sentence to stay execution of the consecutive 16-month term imposed for that count and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

The evidence at trial, including security videotape, established that on August 7, 2014 Ha surreptitiously took without permission a new black, four-door Jeep Wrangler Unlimited from the outdoor lot of the Alhambra Chrysler Dodge Jeep and Ram dealership. The Jeep was valued at approximately $42,000.

One week later, on August 14, 2014, Ha was detained at a big-box retail store in Alhambra for shoplifting after he left the store through an emergency exit door without paying for a cell phone and bottle of juice he had placed in his shopping cart. As he was approached by a loss prevention officer, Ha dropped or threw a key on the ground. When questioned, Ha first responded that the key was to a car that belonged to a friend; he subsequently said he had borrowed the car from work; finally, he refused to comment any further about the vehicle. Using security videotape and information from store personnel

2

Alhambra police officers located the stolen Jeep in the store parking lot. Surveillance video showed Ha driving the stolen Jeep into the lot.

An information filed September 11, 2014 charged Ha with violating Penal Code section 487, subdivision (d)(1), grand theft of an automobile, on August 7, 2014, and violating Vehicle Code section 10851, subdivision (a), unlawful taking or driving a vehicle, on August 14, 2014.[1] Although neither the court's instructions[2] nor the verdict forms included those dates, in his closing argument the prosecutor emphasized the grand theft offense had been committed on August 7, 2014 and what he referred to as "joyriding," or the unlawful driving of a vehicle, had occurred on August 14, 2014 when Ha drove the sports utility vehicle to the big-box retail store. For her part, defense counsel conceded the evidence established Ha arrived at the store in the Jeep and then took items without paying for them, but argued there was insufficient evidence that it was Ha who had stolen the vehicle on August 7, 2014 or that he had the requisite specific

---

[1] Ha was also charged with second degree commercial burglary of the big-box store. That charge was reduced to misdemeanor shoplifting following adoption of Proposition 47, effective November 4, 2014.

[2] The trial court instructed the jury using CALJIC form instructions, rather than the CALCRIM jury instructions approved by the Judicial Council and strongly encouraged for use in California. (See Cal. Rules of Court, rule 2.1050(a), (e).) Specifically, with respect to grand theft of an automobile, the court instructed the People had to prove, "1. A person took or drove away an automobile belonging to another person; [¶] 2. When the person took or drove away the automobile, he had the specific intent to deprive the owner permanently of his or her property; and [¶] 3. The value of the automobile was over $950.00." (CALJIC No. 14.35.) With respect to unlawful taking or driving a vehicle, the court instructed the People had to prove, "1. A person took or drove a vehicle belonging to another person. [¶] 2. The other person had not consented to the taking or driving of his or her vehicle; and [¶] 3. When the person took or drove the vehicle, he had the specific intent to deprive the owner either permanently or temporarily of his or her title to or possession of the vehicle." (CALJIC No. 14.36.) The court did not instruct with CALJIC No. 14.37, which is intended for use when a defendant is charged with violating both Penal Code section 487, subdivision (d), and Vehicle Code section 10851 for the same incident and explains the difference in the specific intent element in the two offenses.

3

intent on August 14, 2014 to be guilty of violating Vehicle Code section 10851, subdivision (a) (that is, that he intended to deprive the owner of possession of the SUV).

Ha was convicted both for stealing the Jeep and for the unlawful taking or driving of the vehicle and sentenced to consecutive prison terms for the two felony offenses.[3]

**DISCUSSION**

1. *Ha Was Properly Convicted of Separate Violations of Penal Code Section 487, Subdivision (d)(1), and Vehicle Code Section 10851, Subdivision (a)*

In general, a defendant may be convicted of, although not punished for, more than one crime arising out of the same act or course of conduct. (*People v. Sloan* (2007) 42 Cal.4th 110, 116; *People v. Reed* (2006) 38 Cal.4th 1224, 1226; see Pen. Code, § 954 ["[a]n accusatory pleading may charge . . . different statements of the same offense" and "the defendant may be convicted of any number of the offenses charged"].) A judicially created exception to this rule, however, prohibits multiple convictions based on necessarily included offenses. (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034; see *People v. Ortega* (1998) 19 Cal.4th 686, 692 ["'[a]lthough the reason for the rule is unclear, this court has long held that multiple convictions may *not* be based on necessarily included offenses'"].) "The law prohibits simultaneous convictions for both a greater and a lesser offense necessarily included within it, when based on the same conduct. [Citation.] 'When the jury expressly finds defendant guilty of both the greater and lesser offense . . . the conviction of [the greater] offense is controlling, and the conviction of the lesser offense must be reversed.'" (*People v. Milward* (2011) 52 Cal.4th 580, 589; see generally *People v. Lopez* (1998) 19 Cal.4th 282, 288 ["if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser offense within the former"].)

---

[3] The court imposed the middle term sentence of two years, doubled under the three strikes law, for unlawful taking or driving a vehicle, as the principal term, and one-third the middle term of two years (eight months), doubled under the three strikes law, for grand theft of an automobile, to be served consecutively. The court also imposed a six-month consecutive term for the misdemeanor shoplifting conviction.

4

Ha contends his conviction for unlawful taking or driving a vehicle must be reversed because it is a lesser included offense of grand theft of an automobile. Case law supports the proposition that a violation of Vehicle Code section 10851, subdivision (a), may be a lesser included offense of a violation of Penal Code section 487, subdivision (d)(1). (See, e.g., *People v. Kehoe* (1949) 33 Cal.2d 711, 715 [defendant convicted of both grand theft and driving an automobile without the permission of the owner "on or about the same day in Humboldt County"; "in the absence of any evidence showing a substantial break between Kehoe's taking and his use of the automobile in that county, only the conviction for one offense may be sustained"]; *People v. Pater* (1968) 267 Cal.App.2d 921, 924, 926 [when prosecution relies on the same evidence to prove both grand theft of an automobile and the unlawful taking or driving of a vehicle, defendant may not be convicted of both offenses; "[t]here was just one continuous, indivisible, inseverable act or course of conduct which, as we see it, would have retained its indivisible status so long as defendant retained the original dominion over the property obtained by the original theft"].)

Unlawfully taking or driving a vehicle in violation of Vehicle Code section 10851, subdivision (a), however, is not invariably a lesser included offense of grand theft of the same vehicle. For example, in *People v. Malamut* (1971) 16 Cal.App.3d 237 the defendant's convictions for grand theft of an automobile on December 8, 1968 and unlawful taking or driving the vehicle on February 5, 1969 were both affirmed. In the period between those two dates the vehicle's license plates and registration papers were switched and the motor replaced, "combined operations which would be considered a major alteration of the vehicle." (*Malamut*, at p. 242.) The Court of Appeal distinguished *People v. Kehoe, supra*, 33 Cal.2d 711, and explained, "Here, there was not only a lapse of a substantial period of time (62 days), but there was also a showing that the vehicle was not being driven in one continuous journey away from the *locus* of the theft. The driving charge was in an entirely different location and obviously for purposes unconnected with the original taking. . . . The theft was definitely completed at the time

5

the switch of engines took place, and the driving on February 5th, almost two months after the initial taking, was not a driving incidental to the theft . . . ." (*Malamut*, at p. 242.)

The underlying principle for determining whether separate convictions for the two automobile-related offenses are proper in a particular case can be discerned from *People v. Garza* (2005) 35 Cal.4th 866 (*Garza*)—a case cited only in passing by Ha and the Attorney General—in which the Supreme Court, in a somewhat different context,[4] reaffirmed its prior rulings that Vehicle Code section 10851, subdivision (a), separately prohibits the acts of taking a vehicle and driving a vehicle (*Garza*, at p. 880), and held "a defendant who steals a vehicle and then continues to drive it after the theft is complete commits separate and distinct violations of section 10851(a)." (*Ibid.*; see also *id.* at p. 880, fn. 2 ["whether vehicle driving is legally separable from vehicle taking . . . depends on whether the driving continues after the taking of the vehicle is complete"].) Quoting from *People v. Strong* (1994) 30 Cal.App.4th 366, 375, which in turn had quoted from *People v. Malamut, supra*, 16 Cal.App.3d at page 242, the Court stated the taking may be complete "when the driving is no longer part of a '"continuous journey away from the *locus* of the theft."'" (*Garza*, at p. 880.) The Court continued, "One might also suggest that the taking is complete when the taker reaches a place of temporary safety. [Citation.] Whatever the precise demarcation point may be (an issue we need not decide here), once a person who has stolen a car has passed that point, further driving of the

---

[4] The question in *Garza, supra*, 35 Cal.4th 866, was whether the prohibition in Penal Code section 496, subdivision (a), against dual convictions for stealing and receiving the same property precluded defendant's convictions for both unlawful taking or driving a vehicle and receiving the same vehicle as stolen property. The answer, the Court held, will usually depend on whether the Vehicle Code section 10851, subdivision (a), conviction is for a theft or nontheft offense. "If the conviction is for the *taking* of the vehicle, with the intent to permanently deprive the owner of possession, then it is a theft conviction that bars a conviction of the same person under section 496(a) for receiving the same vehicle as stolen property. Dual convictions are permissible, however, if the section 10851(a) conviction is for posttheft driving of the vehicle." (*Garza*, at p. 881.)

6

vehicle is a separate violation of section 10851(a) that is properly regarded as a nontheft offense for purposes of the dual conviction prohibition of [Penal Code] section 496(a)." (*Id.* at pp. 880-881.)

If a defendant may separately violate the theft (taking) and nontheft (driving) prohibitions of Vehicle Code section 10851, subdivision (a), in the same stolen vehicle, provided only the driving continued after the taking of the vehicle was completed, a defendant may similarly be guilty of both grand theft of an automobile and unlawful driving of the same automobile, provided, as the *Garza* Court held, the unlawful driving occurred after the taking was completed: A violation of the unlawful driving portion of Vehicle Code section 10851, subdivision (a), occurring after the taking has been completed requires proof of different elements than those necessary to prove an initial unlawful taking of the vehicle without the owner's consent whether the theft offense is charged under Penal Code section 487, subdivision (d)(1), or Vehicle Code section 10851, subdivision (a). Each offense can be committed without also necessarily committing the other.

Here, the evidence clearly established Ha used the stolen Jeep on August 14, 2014, well after he had reached a place of temporary safety, for a separate purpose unrelated to the original theft on August 7, 2014. Moreover, although the jury was instructed pursuant to CALJIC No. 2.15 that possession of recently stolen property, if corroborated, would support an inference that Ha was guilty of stealing the automobile, the evidence of the two offenses presented by the People was not identical, as it had been in *People v. Pater, supra,* 267 Cal.App.2d 921. To the contrary, the dealership sales manager identified Ha on the August 7, 2014 surveillance video showing the theft of the Jeep; the big-box store's loss prevention officer identified Ha on the August 14, 2014 surveillance video showing him driving the Jeep into the big-box parking lot, parking the vehicle and walking toward the store entrance. Ha was properly convicted of separate offenses on each of those two dates.

2.  *Ha's Sentence Violates Penal Code Section 654*

When a defendant may be convicted of multiple offenses arising out of a single act or course of conduct is closely related to, but distinct from, the question when a defendant may receive multiple sentences based upon a single act or course of conduct. (See *People v. Sanders* (2012) 55 Cal.4th 731, 734; *People v. Ortega, supra*, 19 Cal.4th at p. 692.) The Supreme Court in *Ortega* observed, quoting from its earlier decision in *People v. Pearson* (1986) 42 Cal.3d 351, 359, "This court has long struggled with the problem of permitting multiple convictions while protecting the defendant from multiple punishment." (*Ortega*, at p. 692.) The solution that has been adopted, the *Ortega* Court explained, "is, in general, to permit multiple convictions on counts that arise from a single act or course of conduct—but to avoid multiple punishment, by staying execution of sentence on all but one of those convictions." (*Ibid*.)

Penal Code section 654 implements this prohibition against punishment for two or more offenses arising from the same act or from a series of acts constituting an indivisible course of conduct. (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507; *People v. Latimer* (1993) 5 Cal.4th 1203, 1216.) Penal Code section 654, subdivision (a), provides, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. . . ."

"'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of [Penal Code] section 654 depends on the intent and objective of the actor. If all the offenses were incident to one objective, the defendant may be punished for any one of the offenses but not for more than one.'" (*People v. Correa* (2012) 54 Cal.4th 331, 336; accord, *People v. Rodriguez* (2009) 47 Cal.4th 501, 507; *People v. Newman* (2015) 238 Cal.App.4th 103, 112.)

As discussed, Ha's convictions for violating Penal Code section 487, subdivision (d)(1), and Vehicle Code section 10851, subdivision (a), were based on two

8

distinct acts: stealing the Jeep on August 7, 2014—a theft offense—and driving it to the big-box retail store on August 14, 2014—a nontheft offense. Nonetheless, Ha contends both acts were incident to a single criminal objective: "to take, possess, and use the Jeep." At least on the facts of this case, Ha's characterization of his objective appears proper. (Cf. *People v. Pater, supra*, 267 Cal.App.2d at pp. 926-927 ["[h]e who steals an automobile, steals it for use—whether that use be personal, for resale, gift, consumption, abandonment or some other form of ultimate disposal"].) Thus, in *People v. Malamut*, *supra*, 16 Cal.App.3d 237, where, as discussed, the court of appeal upheld separate convictions for grand theft of an automobile and unlawful taking or driving a vehicle two months later, the court stated, "[I]t would seem that a proper balancing of the community interest involved and of the factor of fairness to the defendant can be better realized by the application of that portion of Penal Code section 654 which proscribes multiple punishments on multiple offenses constituting parts of a single criminal objective . . . rather than by interdicting the convictions on the separate offenses." (*Id.* at pp. 242-243; see also *People v. Jaramillo* (1976) 16 Cal.3d 752, 760 & fn. 9 [case remanded to permit defendant to be retried, upon the People's election, for both unlawful taking or driving a vehicle and receipt of stolen property; "[w]hile conviction on both charges would be proper should particular findings be made we note without discussion that generally both charges arise from a single course of conduct and punishment on both counts would be improper"].)[5]

We recognize the trial court has broad discretion in determining whether a defendant had multiple criminal objectives independent of, and not merely incidental to, each other for purposes of Penal Code section 654. Generally, we will uphold the court's finding a defendant had multiple criminal objectives if it is supported by substantial evidence. (*People v. Brents* (2012) 53 Cal.4th 599, 619; *People v. Osband* (1996)

---

[5] The trial court in *Garza, supra*, 35 Cal.4th 866 stayed defendant's sentence for receiving stolen property under Penal Code section 654. (*Garza*, at p. 874.) The issue of sentencing, therefore, was not addressed by the Supreme Court.

13 Cal.4th 622, 730-731.)  However, in rejecting Ha's section 654 argument, the trial court cited and discussed cases (and, in particular, *People v. Strong, supra*, 30 Cal.App.4th 366) that primarily considered the issue of multiple convictions, not the distinct question of multiple punishments and the applicability of section 654.  Based on language from those decisions, the court stated "length of time" was the determinative factor, "Is there a substantial break between the taking of the automobile and the use of the automobile?"  Answering that question yes—"he's engaged in two separate activities a substantial period of time apart"—the court concluded it was appropriate to impose consecutive sentences for the two offenses.

The trial court's sentencing analysis was incorrect.  "'It is [the] defendant's intent and objective, not temporal proximity of his offenses, which determine whether the transaction is indivisible.'" (*People v. Capistrano* (2014) 59 Cal.4th 830, 886; accord, *People v. Harrison* (1989) 48 Cal.3d 321, 335.)  Ha's original criminal intent was to steal and use the Jeep.  His separate criminal intent, manifest the following week, to steal from the big-box store, was properly the subject of the additional charge of burglary (reduced to shoplifting), for which he was both convicted and sentenced.  However, his use of the Jeep to facilitate that new crime, even though accomplished after the taking of the Jeep had been completed, was a continuous part of his original objective in stealing a vehicle.  To separately punish him both for the theft and the use of the Jeep in this case would defeat the purpose of Penal Code section 654 "to insure a defendant's punishment will be commensurate with his culpability."  (*People v. Perez* (1979) 23 Cal.3d 545, 552; see *People v. Britt* (2004) 32 Cal.4th 944, 953.)

10

**DISPOSITION**

Ha's sentence is modified to stay execution of sentence on the conviction for grand theft of an automobile pursuant to Penal Code section 654. As modified the judgment is affirmed. The superior court is directed to prepare a corrected abstract of judgment and forward it to the Department of Corrections and Rehabilitation.


PERLUSS, P. J.


We concur:



ZELON, J.



SEGAL, J.