[Crim. No. 791.  Third Appellate District.—July 10, 1924.]

## THE PEOPLE, Respondent, v. FAUSTINO GARCIA, Appellant.

[1] CRIMINAL LAW — BURGLARY — MERE UNEXPLAINED POSSESSION OF STOLEN PROPERTY—EFFECT OF.—Mere unexplained possession of the stolen property is not sufficient to connect the defendant with the commission of the burglary.

[2] ID.—VERDICT — EVIDENCE. — In this prosecution for burglary, the inconsistencies in defendant's testimony and the contradictions of material parts thereof by witnesses for the prosecution justify the inference that his explanation of his possession of the stolen property was false, and the evidence as a whole was sufficient to warrant the verdict of guilty.

---

(1) 9 C. J., p. 1083, sec. 145.   (2) 9 C. J., p. 1074, sec. 132, p. 1083, sec. 145.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. John F. Pullen, Judge.  Affirmed.

The facts are stated in the opinion of the court.

John R. Connelly for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of burglary of the second degree.  This appeal is from the judgment of conviction and the order denying a new trial.  The evidence shows clearly that some person committed the burglary charged.  The only ground urged for a reversal is that the evidence is insufficient to connect the defendant with the commission of the crime.

---

1. Possession of recently stolen property as evidence of burglary, notes, 19 Ann. Cas. 1281; 12 L. R. A. (N. S.) 199. See, also, 4 Cal. Jur. 741; 4 R. C. L. 440.

2. See 4 Cal. Jur. 747; 4 R. C. L. 442.

Between the hours of 8:30 in the morning and 12:30 in the afternoon of October 9, 1923, during the absence of the occupants, a Japanese residence was broken into and two watches, certain jewelry, two men's suits of clothes, an overcoat and a valise were stolen therefrom. About the middle of the same month the defendant, by occpuation a plumber, entered a restaurant and sold one of the watches to a man sitting at one of the tables therein for fifteen dollars. In the early part of December, the defendant pawned the other stolen watch for fifteen dollars in a pawnshop in Oakland. No trace was discovered of the other stolen property. The defendant admitted that he sold the one watch and pawned the other as stated. [1] Appellant correctly states that mere unexplained possession of the stolen property is not sufficient to connect the defendant with the commission of the burglary. The question is whether such possession and the defendant's explanation thereof and his acts and conduct relative thereto are sufficient proof of guilt.

When arrested, the defendant said that he had purchased the watches from a Mexican named Frank Gonzales for thirty dollars; that he had roomed with Gonzales "for some length of time"; that he did not know where Gonzales then was or his occupation or how he could be found. The defendant was living at the Eagle Hotel, less than three blocks from the scene of the burglary, during all of October, 1923. At the trial the defendant testified that he purchased the watches from Gonzales in the latter part of October; and that he had known Gonzales but fifteen or twenty days prior to the purchase, having seen him but two or three times. In answer to questions put to him by his attorney, he testified as follows: "Q. Now tell us in your own words your conversation in your meeting with this man. A. I just met him on the corner and he asked me if I want to buy those watches. . . . I asked him how much he wanted for those watches, and he said thirty dollars for both of them; then I asked him if those were his property, belonged to him. He said 'Yes.' . . . Q. Now did he tell you how he come to have a small watch? A. All he told me was, this fellow, the two watches belong to him. The little one was his wife's, and the larger one belong to him. Q. Did he tell you why he wanted to sell them? A. All he said was he needed money. Q. Did he say anything about wanting to get the

watches back after a while? A. He said if he could get the money, then you know, if I would give it to him, or, if he couldn't, why then he would return the watches. Q. If he could get the money, he would return the watches, and if not, then what? A. Then if he couldn't get the money, then this man could do whatever he wanted to, with them. Q. Did you see Gonzales any more after you bought the watches from him? A. I saw him about three times after that. Q. Did he give you back the money you had paid to him? A. No, he didn't say anything in regard to that." The defendant's testimony was given through an interpreter, who at times, instead of repeating the answers of the witness in the first person, stated them in the third person, thereby making it necessary to determine from the context whether certain pronouns relate to Gonzales or to the witness. With this explanation, it is reasonably clear that the watches were to be returned to Gonzales, according to defendant's testimony, if the money which the defendant paid for them was returned to him. A friend of defendant testified that he was present when the defendant paid for the watches.

There is much to discredit defendant's explanation of his possession of the watches. According to his own testimony, Gonzales was entitled to the return of the watches upon repayment of the thirty dollars given him by defendant. Yet, without anything being said thereafter about repayment, the defendant sold one of them. He testified that he purchased the watches in the latter part of October. A witness for the people testified that defendant sold him one of the watches about the middle of October, about a week after the burglary. The defendant told the arresting officer that he had roomed with Gonzales "for some length of time," yet he did not know the latter's occupation, and at the trial he testified that he had known Gonzales but fifteen or twenty days prior to the purchase of the watches from him and had seen him but two or three times and knew him "just by sight." The story of the street corner purchase of the two watches from a person of whom defendant knew nothing except his name was in itself suspicious, especially so in view of the fact that the purchase was not made in the course of any business in which the defendant was engaged. [2] The inconsistencies in defendant's testimony and the contradictions of material parts thereof by witnesses for the prosecution justify the

inference that his explanation of his possession of the stolen property is false. The defendant, on the witness-stand, admitted his prior conviction of the crime of robbery. The evidence as a whole is sufficient to warrant the verdict. (*People* v. *Le Roy,* 192 Cal. 498 [221 Pac. 353] ; *People* v. *Lang,* 142 Cal. 482 [76 Pac. 232] ; *People* v. *Howard,* 58 Cal. App. 340 [208 Pac. 1022] ; *People* v. *Cataline,* 54 Cal. App. 36 [200 Pac. 1060] ; *People* v. *Miller,* 45 Cal. App. 494 [188 Pac. 52.].)

The judgment and the order are affirmed.

Plummer J., concurred.