[Crim. No. 1002. Fourth Dist. July 28, 1954.]

THE PEOPLE, Respondent, v. JOHN HAROLD HOWELL, Appellant.

Walter E. Hempstead for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged with burglary in violation of section 459 of the Penal Code in that on or about the 9th day of July, 1953, he entered the residence of one Linda Starr Utley, in El Centro, with intent to commit theft. A jury trial was had and a verdict of guilty returned, in which the jury found the degree to be burglary in the second degree. Motions for a new trial and in arrest of judgment were filed, heard and denied, and defendant was sentenced to the state prison. He appeals from the judgment of conviction and from the order denying his motions for a new trial and in arrest of judgment.

The question here presented is whether the evidence is sufficient to justify the verdict and judgment.

In June, 1953, the complaining witness, Linda Starr Utley, a dancing teacher, resided with her mother, Mrs. Gale, at 483 Wensley Street, in the city of El Centro, and conducted a studio at 588 Broadway, in said city. During the first week of June, 1953, defendant was hired through an employment agency to clean the office and studio and to cut the lawn at the Wensley Street residence. He was inside the house on one occasion and was informed by Mrs. Gale that she and her daughter were going away for the summer. The ladies went to Los Angeles for a vacation and on their return on July 31, 1953, found that their home had been entered in their absence and without their permission. The furniture was disarranged, beds were overturned, and drawers were left partly open. The kitchen stove and refrigerator had been unplugged. The kitchen windows were open and had been forced in. A screen from one window was lying outside on the ground and it had been forced loose from its hangers by a screwdriver or a similar instrument. Several articles

of personal property belonging to the complaining witness had been stolen, including a jewel box with contents of costume jewelry, other pieces of costume jewelry, a pencil, pieces of dancing costumes, and articles of clothing. A white beaded purse belonging to Mrs. Gale was also missing. All these articles were recovered by the officers and identified by Mrs. Utley and her mother. On or about July 8, 1953, defendant was seen by one Valencia at the Utley residence and was then informed that Mrs. Gale and her daughter had gone for the summer and that they would not be back until about September.

Mr. Wheeler, a police officer in El Centro, testified that he first saw the jewel box containing Mrs. Utley's costume jewelry at Mexicali, where it was delivered to him by Officer Martinez; that he first saw the other missing jewelry in the possession of one Pauline Smith, in San Bernardino, on or about October 31, 1953; that the missing costumes were found in the possession of one Caroline Joe Saye, in Oro Grande, California; that the beaded purse belonging to Mrs. Gale was recovered from Pauline Smith, in San Bernardino, and the pencil was found in a room which had been occupied by the defendant; that during the first part of November, 1953, he directed defendant's attention to the box of costume jewelry and asked him if he had seen it before; that defendant stated that he had offered to help a man sell it in Mexicali; that when questioned regarding the purse then containing other costume jewelry defendant stated that it had belonged to his ex-wife, that when she left he had given it to Pauline Smith; that later defendant stated that he obtained it from a man in Mexicali.

Officer Martinez testified that he first saw the jewel box and its contents in Mexicali on July 10, 1953; that the defendant then and there stated that he owned the jewelry, that he had purchased part of it in San Bernardino and part of it in Rialto and that he had a bill of sale for it in San Bernardino; that defendant was kept in a Mexicali jail overnight and released the following day; that he put the box of jewelry in his safe and later turned it over to Officer Wheeler.

Pauline Smith testified that about the middle of July, 1953, the defendant gave her the purse involved; that he said that a girl he was going with left him and left the purse and her clothes, including dancing costumes, a skirt, two blouses, shoes, shorts, and some costume jewelry; and that she delivered these articles to Officer Wheeler.

Defendant testified in his own behalf and admitted having been in the Utley home in June, 1953; that he saw the witness Valencia in El Centro on July 2d; that he was in El Centro on July 9, 1953. He stated that he did not go to the Utley home on that date but went to Mexicali where he met a Mr. Drangles who showed him the jewel box and contents and asked him if he would help sell some things, and as they walked across the street he and Drangles were arrested; that the arresting officer asked him where the jewelry came from and he said he did not know; that the dancing costumes and purse were given to him by a man in Mexicali and that he (the defendant) gave them to Pauline Smith. He denied having stated to Officer Martinez that he had purchased the jewel box and contents in San Bernardino and Rialto, and admitted that he had told Pauline Smith that the costumes and jewelry belonged to his wife or girl friend who came down from Oregon and left him in Mexicali. On cross-examination defendant was asked if it was not a fact that he had been previously convicted of felonies and had served terms in penitentiaries, and his reply was: "I have never been convicted of any felony, I have always plead guilty to them."

The evidence clearly establishes the fact that a burglary was committed at the time and place alleged in the information. On the following day the property taken in the burglary was found in the possession of the defendant in Mexicali, a few miles from the scene of the crime. The defendant there falsely stated to an officer that he had purchased the stolen property, part in San Bernardino and part in Rialto, and that he had a bill of sale for it. Mere possession of stolen property is not sufficient to connect the defendant with the perpetration of a burglary in which the property was taken (*People* v. *Murphy*, 91 Cal.App. 53, 54 [266 P. 374]). There must be corroborating circumstances— acts, conduct or declarations of the defendant tending to show guilt—in addition to possession of the fruits of a burglary by the defendant shortly after the commission of the crime to warrant the conclusion that the accused is guilty thereof.

However, as was said in *People* v. *Taylor*, 4 Cal.App.2d 214, 217 [40 P.2d 870]:

"The failure of the accused to account for such possession upon a theory inconsistent with his guilt of the offense charged, or to show that the possession was honestly obtained, is itself a circumstance tending to show guilt. This

corroborating evidence need be but slight, provided it is convincing. Flight, false statements showing consciousness of guilt or as to how the property came into defendant's possession, assuming a false name, inability to find the person from whom defendant claimed to have received the property, have each in turn been held to be sufficient to connect the accused with the crime when proven in connection with possession of the stolen property. (*People* v. *Russell*, 120 Cal. App. 622 [8 P.2d 209]; *People* v. *King*, 122 Cal.App. 50 [10 P.2d 89].) And when defendant makes an explanation as to the manner in which he came into possession of such stolen property, the question as to whether he is telling the truth in that regard rests solely with the jury."

In *People* v. *Corral*, 60 Cal.App.2d 66, 72 [140 P.2d 172], it was held that the trial court correctly instructed the jury in the following language:

"Where goods have been feloniously taken by means of a burglary and they are immediately or soon thereafter found in the possession of a person who gives a false account or refuses to give any account of the manner in which he came in their possession, proof of such possession and guilty conduct is evidence, not only that he stole the goods, but that he made use of means by which access to them was obtained." (Citing *People* v. *Lang*, 142 Cal. 482, 485 [76 P. 232], and numerous other cases.

In the instant case the defendant was seen at the Utley residence on or about July 8, 1953. He there inquired as to the whereabouts of Mrs. Gale and was informed that she had gone on a vacation. ▆ Familiarity with the burglarized premises is a circumstance which may be considered by the jury. (*People* v. *Mercer*, 103 Cal.App.2d 782, 790 [230 P.2d 4].) ▆ When apprehended in Mexicali defendant told Officer Martinez, when asked what he was doing with the jewelry, that he had been trying to sell it to some girl in "a beer joint," that he had purchased it in San Bernardino and Rialto and had a bill of sale for it. Mr. Martinez told the defendant he would keep the jewelry in his safe until the defendant brought the bill of sale for it. The defendant did not return to claim the property, for obvious reasons. In addition to the false statements made by the defendant to officers in Mexicali, he falsely stated to other officers that he obtained the stolen property from his wife or girl friend. Defendant's acts, conduct and declarations were sufficient

to warrant the verdict of the jury. (*People* v. *Cooper*, 81 Cal.App.2d 110 [183 P.2d 67]; *People* v. *Garcia*, 68 Cal.App. 131 [228 P. 670]; *People* v. *Taylor, supra.*)

Judgment and order affirmed.

Barnard, P. J., and Griffin, J., concurred.