[Crim. No. 5214. Second Dist., Div. Two. Aug. 6, 1954.]

THE PEOPLE, Respondent, v. EDWARD M. YBARRA et al., Defendants; ERNEST Z. CORTEZ, Appellant.

Cary G. Branch for Appellant.

Edmund G. Brown, Attorney General, and Wilbur B. Thayer, Deputy Attorney General, for Respondent.

FOX, J.—Defendants Ybarra and Cortez were convicted of having marijuana in their possession in violation of section 11500, Health and Safety Code. Cortez appeals from the judgment and the order denying his motion for a new trial.

On the evening of August 2, 1953, appellant, Ybarra and Jacob Smith were arrested while the latter was driving his own sedan. Ybarra was in the front passenger seat and appellant was in the rear seat directly behind him. Officers stopped the car because it was being driven in an erratic manner. The parties told the officers they had been drinking beer, and some beer was found in the car. The officers also found a small brown paper bag containing marijuana, and some brown cigarette papers under the right front seat. Defendants denied any knowledge of the marijuana.

Captain Armstrong, of the Huntington Park Police Department, questioned the defendants on the morning of August 4th, concerning the possession of the marijuana. He first talked to Smith and later to the other two men. He explained to them that finding the marijuana in the car might cause Smith to lose his automobile, that he wanted the truth from them as to whether they had any knowledge of how the marijuana came to be in the car. Each defendant denied any such knowledge. Appellant and Ybarra asked to talk to Smith again. This was arranged. Appellant and Ybarra then talked to Captain Armstrong and Officer Handwerk. They related how they had been working on Ybarra's car that afternoon (Sun-

day), decided to buy some marijuana, went to Rose Hill and purchased same, smoked some in a pipe, and the ''pleasant sensation'' it gave each of them and how Ybarra put the paper sack containing the marijuana under the front seat when the officers stopped them. They insisted Smith knew nothing about the marijuana, that Ybarra had hailed him when he drove up across the street and had suggested they take a ride and have some beer; that they had driven down to Long Beach and were returning home when arrested. Captain Armstrong denied ever having told Ybarra and appellant that if one of them would admit the marijuana was his, he would release Smith and his car. He further stated in response to a question by the court that he had ''nothing whatever'' to do with the forfeiture of automobiles.

Appellant and Ybarra testified they had denied knowledge of the marijuana when first shown the paper bag by the arresting officers, and again when questioned individually. They admitted making the statements to Captain Armstrong that he related but asserted they were fabrications, made up to save Smith's car. Smith and his car were released. On the stand both defendants denied all knowledge of the marijuana. Appellant admitted Captain Armstrong told them he wanted only the truth about what happened and who had the marijuana.

Appellant does not challenge the sufficiency of the evidence to sustain the conviction. He does claim, however, that the court committed prejudicial error in the giving and refusing of certain instructions.

 Defendant contends that the evidence against him was ''entirely circumstantial'' and therefore the court erred in not instructing the jury on the law of circumstantial evidence. In refusing defendant's proposed instructions on this subject* the learned trial judge noted that the ''evidence here is not

---

*Defendant's proposed Instruction No. 6: ''When the evidence produced by the People against the defendant is entirely or chiefly circumstantial, and in any case before the jury may find a defendant guilty basing its finding solely on such evidence, each fact which is essential to complete a chain of circumstances that will establish the defendant's guilt must be proved beyond a reasonable doubt.''

Defendant's Proposed Instruction No. 7: ''If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.

''You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the

'entirely or chiefly' circumstantial.'' The record supports his conclusion for the officers were eyewitnesses to the fact that the marijuana was found in the car, the presence of the defendants in the car, and the physical control over the objects in the car by the occupants thereof. Their relation to the contraband and its relaxing effect when smoked was then spelled out by their admissions to Captain Armstrong which concededly were correctly related by him to the jury. Appellant claims, however, that he lied to Captain Armstrong although he admits the officer sought only the truth. This summary demonstrates that the evidence on which appellant was convicted was not entirely or chiefly circumstantial. (See *People* v. *Pedroza,* 125 Cal.App.2d 144, 145 [269 P.2d 921].) It was therefore not error to reject the proposed instructions. (*People* v. *Alexander,* 92 Cal.App.2d 230, 235 [206 P.2d 657].)

▮ Nor was the court required, as appellant now argues, to give an instruction, on its own motion, to the effect that the jury ''may not convict on circumstantial evidence alone unless the evidence is irreconcilable with any other rational conclusion.'' *People* v. *Savage,* 66 Cal.App.2d 237, 247 [152 P.2d 240].) Actually, the crucial problem for the jury was one of credibility, viz., did appellant (and Ybarra) tell the truth in his statement to Captain Armstrong, or was his testimony on the witness stand the true story. It is implicit in the verdict that the jury did not give credence to the repudiation of his admissions to the officer.

▮ ▪The court instructed the jury that ''The law of this state admonishes you to view with caution the testimony of any witness which purports to relate an oral admission of the defendant or an oral confession by him.'' Appellant argues that the court should have substituted the word ''requires'' for ''admonishes'' on the ground that the latter ''weakens the instruction and does not give the defendant the full benefit of the law to which he is entitled.'' There is no merit whatever in this argument. The instruction, as given, is in complete harmony with Code of Civil Procedure, section 2061, subsection 4, which provides that on all proper occasions the jury is to be instructed ''That the testimony of an accomplice ought

other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to defendant's guilt, the entire proof must carry the convincing force required by law to support a verdict of guilty.''

to be viewed with distrust, and the evidence of the oral admissions of a party with caution.'' This instruction has been given verbatim repeatedly. (See *People* v. *Romersa*, 111 Cal: App.2d 173, 179 [244 P.2d 98] ; *People* v. *Bigelow*, 104 Cal.App.2d 380, 389 [231 P.2d 881].)

Appellant attacks a portion of an instruction which the court gave on the subject of confessions. After observing that evidence had been received tending to show that on occasions other than during the trial appellant made statements tending to prove his guilt, the court defined a confession and advised the jury that if it should find a voluntary confession was made, it was the exclusive judge as to whether or not the confession was true and that in deciding that question the jury should consider all the circumstances connected with the making of the statements, as shown by the evidence. ▮ The court then instructed the jury that: ''If you should find that a confession was false in any particular, it remains, nevertheless, evidence for your consideration in connection with all other evidence in the case, to be given such significance and weight as your judgment may determine.'' Appellant says that the quoted portion of the instruction ''permits the jury to find defendant guilty even if they believe the confession is entirely false.'' Appellant obviously misconceives the meaning of the quoted language. It does not say, as appellant contends, that if the jury believes the confession *entirely* false, it remains as evidence on which a verdict of guilty may be based. What it does say is that if the jury should find the confession untrue in some particular they need not reject the entire confession; that they still had for consideration the portion of the confession they believed to be true. Such an instruction is proper. In support of his argument on this point appellant relies on *People* v. *Ford*, 89 Cal.App.2d 467 [200 P.2d 867). The instruction there given covers the same general subject matter as the one in the instant case. However, the instruction in the Ford case has since been revised to its present form so as to eliminate any implication that a false confession can support an inference of the truth of the matter untruthfully stated. The instruction has been clarified in other respects also.

▮ Appellant contends that the court erred in inserting the word ''himself'' in the following portion of the instruction defining when a confession is involuntary : ''A confession is not voluntary when it has been obtained by any kind or degree of violence, abuse or threat, or by any direct or im-

plied promise of immunity, leniency or other benefit, or by any coaxing, cajoling, or menacing influence which induces in the mind of the defendant the belief or hope that he *himself* will gain some advantage by making a confession, provided that any such inducement by which the confession is obtained originates from a law enforcement officer." (Italics added.) His position is that by inserting the word "himself" in the instruction the court took away from him the only explanation he had for making the confession, viz., to save the car of his friend Smith from forfeiture. There is no substance to this contention. The undoubted purpose of the court in inserting the word "himself" was to make it clear to the jury that in order to render a confession involuntary there would have to be induced in the mind of the party who made it, viz. appellant, the belief or hope that he personally, and not solely his friend Smith, would gain "some advantage" by making the confession. While appellant's confession was a direct benefit to Smith in that it no doubt saved him from prosecution and his car from forfeiture proceedings, such beneficent advantage to his friend Smith may well have been of "some advantage" or benefit, even indirectly, to appellant. The jury was not precluded by the modification from considering such potentiality.

█ Appellant contends the following portion of the instruction on knowledge of possession of the narcotics was ambiguous and contradictory: "The knowledge which is a required element to constitute possession is a knowledge of the fact that the person in question has possession of the prohibited drug. In other words, whenever a person knows that he has an article in his possession he has the knowledge which is required to constitute possession. It is not necessary that he knows the specific character of the article which he possesses." Appellant argues that by the last sentence the jury was told "it is not necessary that he know it is a drug" that he possesses. Appellant fails to consider the paragraph in its entirety. When so considered the potency of his argument vanishes. The first sentence quoted above points out that knowledge is a required element to constitute possession and that it is "knowledge of the fact that the person in question has possession of the prohibited drug." That appellant had knowledge that the substance was a narcotic may be inferred from his statement to Captain Armstrong that he received a "pleasant sensation" when he smoked it. The last sentence

.to which appellant takes exception simply advised the jury that it was not necessary for defendant to know the specific narcotic of which he had possession—it was sufficient if he knew he had possession of a prohibited drug. (*People* v. *Gory,* 28 Cal.2d 450, 456 [170 P.2d 433].)

Appellant assigns as error the court's refusal to give an additional instruction relative to when a confession may be deemed involuntary.* Neither error nor prejudice appears from such refusal inasmuch as the principles stated in paragraphs 1 and 3 thereof were adequately covered by the instructions given, while paragraph 2 is argumentative and in effect a comment on the evidence.

Appellant was accorded a fair trial and we are satisfied from an examination of the record that there has been no miscarriage of justice. (Cal. Const., art. VI, § 4½.)

The judgment and order are affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 8, 1954.