[Crim. No. 5694. Second Dist., Div. Two. Dec. 28, 1956.]

THE PEOPLE, Respondent, v. JULIUS SHANNON, JR., Appellant.

Cary G. Branch for Appellant.

Edmund G. Brown, Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

MOORE, P. J.—Julius Shannon, Jr., appeals a judgment convicting him of burglary. He demands a reversal on the grounds that (1) the evidence against him was illegally obtained, (2) he was improperly cross-examined, (3) erroneous instructions were given and proper instructions were refused.

After midnight in late February 1956, appellant and his codefendant Williams took a drive in appellant's automobile along the streets of Los Angeles. Williams suggested the idea of obtaining cigarettes from some store. On Main Street they found the weapon for their purpose, a piece of cement brick. While driving on West Pico Boulevard, they stopped at a store with a glass front window through which Williams hurled the concrete. Through the space created by his vicious missile, Williams entered and duly returned with "a few cartons" of cigarettes. These he passed on to appellant who placed them in the rear of his car. Williams returned into the store for more of the same. Observant of his associate, Williams saw appellant driving away followed by a police car. Appellant was promptly apprehended and just as he was being returned to the store, the officers detained Williams as he emerged through the paneless door.

Appellant admitted to the officers the facts in the foregoing recital and added that he had approved of the proposed method of acquiring cigarettes; that he had placed the cartons in his automobile; that when he noticed the police car make a U-turn to approach him, he became frightened and fled. At the trial he testified that he was asleep during the burglary. Not only was he contradicted by the events that occurred at the scene but he was impeached by proof of two prior felony convictions.

There was no illegal arrest. Appellant was found sitting in his car about 4 o'clock in the morning in front of a store, his motor running. He attempted flight as the police approached him. Because of the suspicious circumstances, they

searched his conveyance and found the cartons. ■ But regardless of the facts, no objection was made at the trial to the evidence thereof. Hence, he cannot on appeal for the first time urge the doctrine of illegal search and seizure where his trial occurred following the decision in *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905]. He is deemed to have waived all possible objections by his silence at the trial. (*People* v. *Maddox,* 46 Cal.2d 301, 304 [294 P.2d 6] ; *People* v. *Farrara,* 46 Cal.2d 265, 268 [294 P.2d 21] ; *People* v. *Kitchens,* 46 Cal.2d 260, 262 [294 P.2d 17].)

Appellant complains that the district attorney "spent considerable time in cross examining appellant by going into the facts of appellant's prior convictions." He advances the thesis that details of a prior felony conviction "not appearing in the judgment record of conviction should not be gone into by either side." The record does not bear out such contention. He answered that he had been twice convicted of a felony ; once for possession of marijuana, once for *automobile* burglary. The prosecutor followed such answer by having appellant admit that he had pleaded guilty to having burglarized an *office building* and that while on probation he wrote to his probation officer that he was present during the burglary and was awake. The foregoing admissions were elicited from appellant to counteract his intimations that he was in fact innocent of the prior charge.

■ Not only is it proper to impeach a witness by proof of his conviction of a felony, but errors or falsehoods in his explanations may be exposed by contradictory proof. The district attorney is allowed to show that, under such circumstances, the defendant has attempted to deceive the court and is therefore untrustworthy. The prosecutor is not foreclosed of further inquiry by having asked the accused whether he had been convicted of a felony ; he may proceed to inquire into the nature of the crime. (*People* v. *Williams,* 27 Cal.2d 220, 228 [163 P.2d 692].)

■ Moreover, while under cross-examination with respect to his felonies, appellant made no objection to any of the questions which he now contends were prejudicial. He thereby waived all right to complain thereof on appeal. (*People* v. *Coontz,* 119 Cal.App.2d 276, 280 [259 P.2d 694] ; *People* v. *Agajanian,* 97 Cal.App.2d 399, 405 [218 P.2d 114].)

Appellant contends that the evidence was entirely circumstantial and that he was prejudiced by the court's failure to instruct on the duty of the jury when the evidence is

"susceptible of two reasonable theories" as embodied in CALJIC Instruction 26,[1] in addition to CALJIC 24 and 27 which were given. He asserts that inasmuch as he was asleep when Williams burglarized the store, the jury should have been instructed as to their duty in the event they should find such explanation equally reasonable with the theory that he was a conscious participant in the crime. But the evidence was not wholly circumstantial. It was in the main direct. The store had been broken into and burglarized; two half cases of cigarettes had been removed. Appellant was found sitting behind the wheel, parked in front of the store, motor running; carrying away the stolen merchandise, he attempted to flee from the officers. His companion was arrested in the act of bringing additional loot from the store and defendant immediately confessed his guilty participation. Nothing more was required to prove that he was aiding his confederate in the commission of the crime. (See *People* v. *Martin*, 128 Cal. App.2d 361, 364 [275 P.2d 635].) When any circumstantial evidence is merely incidental and corroborative of direct evidence, an instruction on circumstantial evidence is not necessary. (*People* v. *Jerman*, 29 Cal.2d 189, 197 [173 P.2d 805].) In the instant case, direct evidence established the presence and participation of appellant at the scene of the robbery. Not only was he caught in the very act but subsequently he fabricated a falsehood to explain how he had gained possession of the cigarettes and then confessed. In view of the overwhelming proof of his guilt, the propriety and correctness of the instructions becomes a matter of no importance.

 Appellant vainly complains that he was prejudiced by the court's failure to instruct on appellant's "theory of the case"; that is to say that appellant had been asleep. No

[1]*California Jury Instructions Criminal*, No. 26.

If the evidence in this case [as to any particular count] is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.

You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to defendant's guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt.

such instruction was offered. The court had advised the jury that in order to convict appellant, it was essential that he intended, at the time of the entry into the store, to steal the property of another. (CALJIC 201.) Also, the jury were directed that if appellant did not participate in the burglary or have knowledge thereof, he could not be convicted of the offense. Having covered general, applicable principles in the charge, the court was not obliged to give *sua sponte* more specific instructions as to defendant's theory of the case. (*People* v. *Warren*, 16 Cal.2d 103, 116 [104 P.2d 1024].)

Appellant contends that CALJIC Instruction 52 (alternate) printed on the margin[2] was not sufficient; that it should have defined "impeach" and have explained how the jury should consider proof of a prior felony conviction. The instruction given is correct, accurate and comprehensive. Nothing should have been added. ■ The word "impeach" is in common usage — meaning to discredit. ■ Such ordinary words do not require defining. They are presumed to be understood by the jurors. (*People* v. *Chavez*, 37 Cal.2d 656, 668 [234 P.2d 632].) The instruction does not suggest that a prior conviction of a felony on the part of the witness must necessarily discredit his entire testimony. The jury were fully informed that they are the sole and exclusive judges of the credibility of witnesses and that the instructions given to them on that subject are only guides for their assistance. ■ Appellant urges that the admonition contained in the instruction that a witness' testimony may be impeached

---

[2]CREDIBILITY OF WITNESSES

"The jury are the sole and exclusive judges of the effect and value of evidence addressed to them and of the credibility of the witnesses who have testified in the case . . .

"The character of the witnesses, as shown by the evidence, should be taken into consideration for the purpose of determining their credibility . . . A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testifies . . . or by evidence affecting his character for truth, honesty or integrity . . . A witness may be impeached also by evidence that at other times he has made statements inconsistent with his present testimony as to any matter material to the cause on trial [; and a witness may be impeached also by proof that he has been convicted of a felony or felonies].

"A witness wilfully false in one material part of his or her testimony is to be distrusted in others. The jury may reject the whole of the testimony of a witness who has wilfully sworn falsely as to a material point. [If you are convinced that a witness has stated what was untrue as to a material point, not as a result of mistake or inadvertence, but wilfully and with the design to deceive, then you may treat all of his or her testimony with distrust and suspicion, and reject all unless you shall be convinced that he or she has in other particulars sworn to the truth.]"

by "evidence affecting his character for truth, honesty, and integrity" is in error because no such evidence was presented. However, such an instruction has been held perfectly proper for the consideration of the jury since the witness' character and demeanor while on the stand are to be taken into account by the jurors. (*People* v. *Monteverde,* 111 Cal.App.2d 156, 171 [244 P.2d 447].)

The last paragraph of CALJIC 52 (alternate) relative to distrust to be given at least partially false testimony is not erroneous. It is authorized by Code of Civil Procedure, section 2061. (See *People* v. *Smith,* 132 Cal.App.2d 805, 808 [283 P.2d 39]; Code Civ. Proc., § 2061, subd. 3.) Appellant insists that the word "convince" in the last paragraph should have been followed by the phrase "beyond a reasonable doubt." Such modification would have been error. The doctrine of reasonable doubt applies only to the question of defendant's guilt. It is not pertinent to the appraisal of the testimony of a witness.

The giving of CALJIC Instruction 9[3] is assigned as error in that it suggests the guilt of appellant. On the contrary, it directs the jury not to involve the question of guilt with a consideration of the penalty. That is the law. Without that advice a jury may permit their consideration of guilt to be deflected by a dread of seeing the accused suffer the statutory punishment.

Appellant complains that CALJIC Instruction 203 was prejudicial in that it imposes upon the accused the "burden of convincing the jury beyond a reasonable doubt of his theory and explanation of possession" of the stolen property. Such contention is not justified. The instruction states merely that possession is "a circumstance to be considered in connection with other evidence in determining the question of innocence or guilt." It stated, also, that "in addition to proof of possession of such property there must be proof of corroborating circumstances" such as "the acts, conduct, falsehood . . . of the defendant." The instruction is a correct statement of the law. (*People* v. *Howell,* 126 Cal.App.2d 780, 783 [273 P.2d 79]; *People* v. *Corral,* 60 Cal.App.2d 66, 72 [140 P.2d 172]; *People* v. *Taylor,* 4 Cal.App.2d 214, 217 [40 P.2d 870].)

---

[3]JURY MAY NOT CONSIDER PENALTY

In arriving at a verdict in this case, you shall not discuss or consider the subject of penalty or punishment, as that is a matter which lies with the court and other governmental agencies, and must not in any way affect your decision as to the innocence or guilt of the defendant.

 Assignment is made of that portion of CALJIC 29 as follows: ". . . if you should find that a confession was false *in any material particular*, it remains, nevertheless evidence for your consideration in connection with all other evidence in the case, to be given such significance and weight as your judgment may determine." (Emphasis added.) The derivation of this particular wording is of interest. The instruction as originally drawn read that if the jury "should find that a confession was false, *either entirely or in part*, it remains nevertheless evidence for your consideration." (Emphasis added.) *People* v. *Ford*, 89 Cal.App.2d 467, 472-473 [200 P.2d 867], reversed a conviction based upon such an instruction on the reasoning that if the confession was *entirely* false, then the defendant must be innocent of the crime. *People* v. *Shaw*, 115 Cal.App.2d 597, 604 [252 P.2d 670], held similarly but refused to reverse because of a failure to find prejudice to the rights of the defendant. The current wording of the instruction, as here given, has been expressly approved in *People* v. *Ybarra*, 127 Cal.App.2d 74, 78 [273 P.2d 284], (hearing denied). The court there pointed out that the new wording merely advised the jury that even though some portion of the confession of an accused may be false, the balance is not necessarily rendered unworthy of consideration.

In any event, the evidence of appellant's guilt on a review of the whole case is overwhelming. Therefore, the judgment cannot be reversed. (Const., art. VI, § 4½.)

Affirmed.

Fox, J., and Ashburn, J., concurred.