[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 366 
OPINION
 SUMMARY
A jury found Lawrence A. Gordon "gravely disabled" within the meaning of Welfare and Institutions Code section5008, subdivision (h). On appeal and by way of a petition for a writ of habeas corpus, he argues he should have been given the 10 peremptory challenges provided by former Penal Code section 1070 rather than the 6 challenges he was given under *Page 367 
former Code of Civil Procedure section 601[1]
Gordon also argues he was unfairly prejudiced when counsel for the San Diego County Department of Social Services (Department) explained the levels of restriction which might be placed on him if he were found gravely disabled. These contentions have no merit and we affirm.
 FACTUAL AND PROCEDURAL BACKGROUND
On December 30, 1987, the Department filed a petition alleging Gordon's disability. He demanded a jury trial. Trial commenced on February 9, 1988. In support of its petition the Department presented the testimony of a psychiatrist who diagnosed Gordon as a paranoid schizophrenic who could not provide for his own food, clothing or shelter. Gordon's sister also testified in support of the petition. She stated that although funds were available to him, Gordon had been evicted from his apartment and was sleeping in a laundromat and in a park and eating in a soup kitchen. She testified she found him on a bench and he looked unbelievably dirty and extremely thin. He was unable to tell her what had become of his valuable personal possessions. Gordon testified on his own behalf. His testimony was in many respects incoherent; he did admit that at one point his weight had been down to 96 pounds from his normal weight of 135 pounds.
In her closing argument the Department's counsel repeated testimony given by a mental health counselor to the effect that a conservatorship lasts for one year, that a conservatee may ask that it be terminated earlier and that different levels of restriction may be placed on the conservatee. Gordon's counsel made no objection to either the testimony or the argument.
On February 10, 1988, the jury returned a verdict finding Gordon gravely disabled. The court thereafter appointed a conservator for Gordon and permitted Gordon to be placed in a locked treatment facility.
 DISCUSSION I Peremptory Challenges
In general the conduct of a conservatorship proceeding under Welfare and Institutions Code section 5000 et seq. is governed by the law and *Page 368 
procedure relating to the trial of civil actions. (Welf. Inst. Code, § 5350; Prob. Code, § 1827) Where there are two parties in a civil trial, each party is permitted to exercise six peremptory challenges. (Code Civ. Proc., § 231, subd. (c).) (1a) Despite the statutory scheme which limited to six the number of challenges available to him, Gordon argues proposed conservatees should be given the ten peremptory challenges which are provided to criminal defendants. (Code Civ. Proc., § 231, subd. (a).) He argues that because a conservatorship proceeding under Welfare and Institutions Code section 5000 et seq., like a criminal proceeding, involves social stigma and a significant intrusion upon an individual's liberty, all of the procedural protections afforded criminal defendants should be made available to proposed conservatees. He points out that, as in criminal cases, proposed conservatees are given the right to a jury trial, the state must prove its case beyond a reasonable doubt and the jury must unanimously agree the conservatee is gravely disabled. (SeeConservatorship of Roulet (1979) 23 Cal.3d 219, 235 [152 Cal.Rptr. 425, 590 P.2d 1].)
However to the extent conservatees have been given the protection afforded criminal defendants, the protection has been required by the due process clause of the California Constitution. (Conservatorship of Roulet, supra, 23 Cal.3d at p. 235.) (2) The right to peremptory challenges, on the other hand, enjoys no constitutional protection. "Neither the state nor federal Constitution `requires that Congress or the California Legislature grant peremptory challenges to the accused or prescribe any particular method of securing to an accused the right to exercise the peremptory challenges granted by the appropriate legislative body.' (People v. King, supra,
240 Cal.App.2d [389] at 399.) In People v. Wheeler (1978)22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748], Justice Mosk reiterated that `the peremptory challenge is not a constitutional necessity but a statutory privilege' limited only, as stated inKing, `"by the necessity of having an impartial jury."' (22 Cal.3d 281, fn. 28.)." (People v. Ainsworth (1988)45 Cal.3d 984, 1005 [248 Cal.Rptr. 568, 755 P.2d 1017]; see also People v. Miranda (1987) 44 Cal.3d 57, 79-80 [241 Cal.Rptr. 594, 744 P.2d 1127]; People v. Lara (1967)67 Cal.2d 365 at pp. 394-395 [62 Cal.Rptr. 586, 432 P.2d 202].)
"Thus, in Stilson v. United States [(1919) 250 U.S. 583 (63 L.Ed. 1154, 40 S.Ct. 28)], the court upheld a federal statute requiring that where there were several defendants or several plaintiffs, the parties on each side should be deemed a single party for the purpose of peremptory challenges, declaring: `There is nothing in the Constitution of the United States which requires the Congress to grant peremptory challenges to defendants in criminal cases; trial by an impartial jury is all that is secured. The number of challenges is left to be regulated by the common law or the enactments of Congress. That *Page 369 
body has seen fit to treat several defendants, for this purpose, as one party. If the defendants would avail themselves of this privilege they must act accordingly. It may be, as is said to have been the fact in the trial of the present case, that all defendants may not wish to exercise the right of peremptory challenge as to the same person or persons and that some may wish to challenge those who are unobjectionable to others. But thissituation arises from the exercise of a privilege granted by the legislative authority and does not invalidate the law. Theprivilege must be taken with the limitations placed upon the manner of its exercise.' (Italics added.) (250 U.S. at pp. 587-588, 63 L.Ed. at pp. 1156-1157; see also Schaefer v.United States (1920) 251 U.S. 466, 470 [64 L.Ed. 360, 362, 40 S.Ct. 259].)" (People v. King (1966) 240 Cal.App.2d 389, 400 [49 Cal.Rptr. 562, 21 A.L.R.3d 706].)
Thus, unlike the requirements of proof beyond a reasonable doubt and a unanimous jury verdict, peremptory challenges are not mandated by due process. (3) Moreover the disparate treatment conservatees and criminal defendants receive does not offend the equal protection clause of the 14th Amendment which has been held to be a component of due process. (Conservatorship of Roulet,supra, 23 Cal.3d at pp. 230-233.) Although a conservatorship proceeding touches upon many of the interests involved in a criminal trial, its goals are vastly different. "We cannot overemphasize the importance of recognizing that a prospective conservatee is not a criminal defendant but, in many cases, a person in dire need of the state's assistance. A conservatorship proceeding is not a prosecution for a particular act, but an attempt to determine a condition which is subject to change." (Conservatorship of Baber (1984) 153 Cal.App.3d 542, 550 [200 Cal.Rptr. 262]; see also Conservatorship of Davis (1981)124 Cal.App.3d 313, 329 [177 Cal.Rptr. 369].) Indeed, unlike a criminal's culpability for an unlawful act, a conservatee's status must be redetermined each year. (See Welf. Inst. Code, § 5361.)
Moreover courts have long recognized that additional peremptory challenges place additional burdens on the judicial system. (SeePeople v. King, supra, 240 Cal.App.2d at p. 402.) The United States Supreme Court has also recognized that "`at some point the benefit to individuals from an additional safeguard is substantially outweighed by the cost of providing such protection, and that the expense of protecting those likely to be found undeserving will probably come out of the pockets of the deserving.'" (Parham v. J.R. (1979) 442 U.S. 584, 605-606, fn. 14 [61 L.Ed.2d 101, 120-121, 99 S.Ct. 2493]; see alsoConservatorship of Moore (1986) 185 Cal.App.3d 718, 731 [229 Cal.Rptr. 875].) (1b) Here Gordon asks that we increase the total number of challenges in conservatorship proceedings from six to ten. Given the differences in criminal and conservatorship *Page 370 
proceedings, and in particular the potential expense involved in annual jury trials of a conservatee's status, the Legislature's unwillingness to provide additional challenges in conservatorship proceedings is not arbitrary or unreasonable. (See People v.King, supra, 240 Cal.App.2d at p. 402 [fact that jointly tried defendants receive fewer challenges than individually tried defendants does not violate equal protection].)
In sum we have no power to increase the number of challenges provided by the Legislature. Accordingly, the trial court acted properly in denying Gordon's motion for additional challenges.
 II Counsel's Argument (4a) On appeal Gordon argues he was prejudiced because the Department's counsel told the jury about the varying levels of restriction that may be imposed upon conservatees. He asserts this is improper because it is analagous to suggesting a likely sentence in a noncapital criminal case. (See People v.Shannon (1956) 147 Cal.App.2d 300, 306 [305 P.2d 101].)
(5) However Gordon's counsel did not object to this argument or to the testimony of the mental health counselor who gave the jury the same information. "`An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method.'" (Royster v. Montanez
(1982) 134 Cal.App.3d 362, 367 [184 Cal.Rptr. 560].)
"`Generally a claim of misconduct is entitled to no consideration on appeal unless the record shows a timely and proper objection and a request that the jury be admonished. [Citations.]'" (Stevens v. Parke, Davis Co. (1973) 9 Cal.3d 51, 70 [107 Cal.Rptr. 45, 507 P.2d 653, 94 A.L.R.3d 1059], quoting Horn v. Atcheson, T. S.F. Ry. Co. (1964) 61 Cal.2d 602, 610 [39 Cal.Rptr. 721, 394 P.2d 561].) (4b) Contrary to Gordon's argument this is not the unusual case where the evidence was so evenly balanced or the conduct so prejudicial that the lack of an objection and request for admonishment may be overlooked. (See People v. Green (1980) 27 Cal.3d 1, 34-35 [164 Cal.Rptr. 1, 609 P.2d 468]; Sabella v. Southern Pac. Co.
(1969) 70 Cal.2d 311, 320 [74 Cal.Rptr. 534, 449 P.2d 750].) Accordingly, any error committed by counsel in her argument will not disturb the jury's finding. *Page 371 
Order affirmed. Writ denied.
Kremer, P.J., and Wiener, J., concurred.
Appellant's petition for review by the Supreme Court was denied June 7, 1989.
[1] The provisions of former Penal Code section 1070 et seq. are now set forth in Code of Civil Procedure section 231, subdivisions (a) and (b); the provisions of former Code of Civil Procedure section601 are now set forth in Code of Civil Procedure section 231, subdivision (c). (Stats. 1988, ch. 1245, § 2.) *Page 372