[No. B095324. Second Dist., Div. Four. Aug. 30, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
DENNIS BACA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II through VI.

**COUNSEL**

Jonathan P. Milberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne, Jaime L. Fuster and A. Scott Hayward, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, J.**—Dennis Baca appeals from his conviction in a "three strikes" case. In the published part of this opinion, we join other California courts in

rejecting the claim that a defendant is entitled to have the jury instructed on the doctrine of nullification. In the unpublished portion of this opinion, we discuss appellant's arguments that the trial court abused its discretion by not reducing the present conviction to a misdemeanor and in not striking a prior conviction; that the sentence amounts to cruel and unusual punishment, cruel or unusual punishment, or both; that the trial court improperly interfered with appellant's right of allocution; and that the limitation of prison conduct credits to 20 percent is illegal.

### FACTUAL AND PROCEDURAL SUMMARY

In light of the nature of the errors claimed, there is no need to discuss the charges against appellant in detail. The information charged two counts of petty theft with a prior. (Pen. Code, § 666; all further statutory citations are to that code.) Both were shoplifts, one at the Home Base store in El Monte on March 20, 1994 (count I), involving a box of drill bits; the other at Von's grocery in the same city, on February 27, 1994 (count II). It involved some batteries that appellant tucked into his shirt.

The charging information included allegations of a number of prior convictions, some for purposes of the three strikes statute (§ 667, subds. (b)-(i)), and others for purposes of sentence enhancement (§ 667.5, subd. (b).) Three prior convictions were alleged under the three strikes law: two residential burglaries, and one robbery. It also was alleged that appellant had served separate prior prison terms for the robbery and three burglaries.

The case was tried to a jury. Appellant, apparently aware of his right to seek bifurcation of the prior convictions allegations (see *People v. Bracamonte* (1981) 119 Cal.App.3d 644, 649 [174 Cal.Rptr. 191]), elected not to do so. The jury convicted appellant of both counts and found all of the special allegations to be true. Appellant was sentenced on count I to 25 years to life plus two years for prior prison term enhancements. He was sentenced to a two-year term on count II, to be concurrent with the count I term. Imposition of sentence for other prior prison term enhancements was stayed. Appellant has filed a timely notice of appeal.

### DISCUSSION

### I

Appellant argues that he was entitled to have the jury instructed in a manner that would enable it to find him not guilty because of the harshness of the punishment he would receive. In his brief, he argues that he "had an

absolute right to have the jury made aware of the harsh sentence which the court would be required to impose if he were convicted, and to have the jury acquit him if they felt that the sentence was too harsh, regardless of the strength of the evidence of his guilt." The law is otherwise, as we shall explain.

 Appellant acknowledges that he did not request "nullification" instructions and did not object to the instructions that were given. He argues that this omission is not a waiver because an objection is not necessary to preserve a claim of erroneous instruction for appellate review. This is true (§ 1259), at least where substantial rights of the defendant are affected by the erroneous instruction. (See *People* v. *Andersen* (1994) 26 Cal.App.4th 1241, 1249 [32 Cal.Rptr.2d 442].) Appellant's claims of error are properly classified as affecting his substantial rights, enabling us to proceed to the instructions given and the merits of his challenge. (Appellant argues, alternatively, that his trial attorney rendered ineffective assistance by not raising objections to the instructions. In light of the precedent in this area, which we discuss, that is not a tenable argument.)

 Several pattern instructions informed the jury that it was to decide the case on the evidence and the law, as stated by the judge, and on nothing else. CALJIC No. 1.00 told the jury that it must follow the law as stated by the judge, and not be influenced by pity for the defendant or prejudice against him, or by sympathy. CALJIC No. 2.90 (which was given without the references to "moral certainty" and "moral evidence") instructed on the People's burden of proof. And, most significantly, CALJIC No. 17.42 told the jury not to discuss or consider penalty or punishment.

It may be that appellant's counsel thought that at least some jurors would be familiar with the penalties applicable in three strikes cases, and that this influenced the decision not to bifurcate the prior conviction allegations that trigger the application of that law. In any event, at the outset of trial, the judge informed the jury, "This is a three strikes case, ladies and gentlemen. Mr. Baca wants to be totally open with you and there are issues of prior convictions and it's what we call a three strikes case. You're going to have to decide all issues in the case." Appellant admitted the prior convictions. Defense counsel referred to the three strikes nature of the case in summation, arguing that because of that circumstance the case is "not only serious, it's about as serious as it gets in a courtroom. And I assume you will agree with me that any case that involves *those kinds of consequences* deserves or warrants pretty careful conscientious consideration and deliberation." (Italics added.) In closing summation, the prosecutor reminded the jurors that they had been instructed not to consider punishment or penalty. He argued that

the only reason defense counsel argued the three strikes nature of the case is that "they want someone to throw them a life preserver. That's not your job."

This background takes us to the merits of appellant's argument: that the trial judge should have allowed the jury to consider the harshness of the penalty he faced as a basis for acquittal notwithstanding the strength of the evidence of guilt. In other words, to urge the alternative of jury nullification.

While the notion of nullification has been embraced by some writers (see Kadish & Kadish, Discretion to Disobey: A Study of Lawful Departures from Legal Rules (Stan. U. Press 1973), critically reviewed in Christie, *Lawful Departures From Legal Rules: "Jury Nullification" and Legitimated Disobedience* (1974) 62 Cal.L.Rev. 1289; and Scheflin, *Jury Nullification: The Right to Say No* (1972) 45 So.Cal.L.Rev. 168); and in dissent (see *People v. Dillon* (1983) 34 Cal.3d 441, 491 [194 Cal.Rptr. 390, 668 P.2d 697] (dis. opn. of Kaus, J.); and *U.S. v. Krzyske* (6th Cir. 1988) 836 F.2d 1013, 1021) (dis. opn. of Merritt, J.), it has virtually no support in modern American precedent. The arguments of its adherents and its unavoidable flaws are fully reviewed in Judge Levanthal's thoughtful opinion for the District of Columbia Circuit in *United States v. Dougherty* (D.C. Cir. 1972) 473 F.2d 1113, 1130-1137 [154 App.D.C. 76].

Juries have had the naked power to "nullify" for over 300 years, since *Bushell's Case* (1670) 89 Eng.Rep. 2 [6 Howell's State Trials 999]. But while "jurors may have the power to ignore the law . . . their duty is to apply the law as interpreted by the court [as] they should be so instructed." (*United States v. Boardman* (1st Cir. 1969) 419 F.2d 110, 116, followed in *United States v. Dellinger* (7th Cir. 1972) 472 F.2d 340, 408 [22 A.L.R.Fed. 159], cert. den. 410 U.S. 970 [35 L.Ed.2d 706, 93 S.Ct. 1443], and *United States v. Coupez* (9th Cir. 1979) 603 F.2d 1347, 1352; see also *Shannon v. U.S.* (1994) 512 U.S. 573, __ [114 S.Ct. 2419, 2424, 129 L.Ed.3d 459, 466-467] [when jury has no sentencing function, it should be admonished to reach verdict without regard to what sentence might be imposed]; *United States v. Avery* (6th Cir. 1983) 717 F.2d 1020, 1027, cert. den. 466 U.S. 905 [80 L.Ed.2d 157, 104 S.Ct. 1683]; *U.S. v. Krzyske, supra,* 836 F.2d 1013, 1021.)

The California cases, while recognizing the jury's "undisputed power" to acquit regardless of the evidence of guilt, reject suggestions that the jury be informed of that power, much less invited to use it. (See *People v. Fernandez* (1994) 26 Cal.App.4th 710, 714 [31 Cal.Rptr.2d 677], discussing several of the authorities; *People v. Miller* (1990) 50 Cal.3d 954, 1009 [269 Cal.Rptr. 492, 790 P.2d 1289], and cases cited; *People v. Honeycutt* (1977) 20 Cal.3d 150, 157, fn. 4 [141 Cal.Rptr. 698, 570 P.2d 1050] [jury properly instructed

that possible punishment is not matter for its consideration]; *People* v. *Partner* (1986) 180 Cal.App.3d 178, 185 [225 Cal.Rptr. 502] [nullification rejected]; *People* v. *Moore* (1968) 257 Cal.App.2d 740, 750 [65 Cal.Rptr. 450] [rule that trier of fact must not consider penalty or punishment in arriving at decision on guilt or innocence is fundamental].) Justice Mosk may have said it best, in *People* v. *Dillon, supra,* 34 Cal.3d at pages 487-488, footnote 39. In replying to Justice Kaus's position in favor of a nullification instruction, he said: ". . . it cannot seriously be urged that, when asked by the jurors, a trial judge must advise them: 'I have instructed you on the law applicable to this case. Follow it or ignore it, as you choose.' Such advice may achieve pragmatic justice in isolated instances, but we suggest the more likely result is anarchy." (*Ibid.*)

We are offered a single modern precedent to the contrary, a trial court opinion by a federal judge in Tennessee. (*U.S.* v. *Datcher* (M.D.Tenn. 1993) 830 F.Supp. 411.) That case held that a defendant is entitled to have the jury informed of information "that might lead to nullification." (*Id.* at p. 415.) *Datcher* has not been followed by other courts. It has, in fact, been rejected by the Sixth Circuit, of which the Middle District of Tennessee is a part. (*U.S.* v. *Chesney* (6th Cir. 1996) 86 F.3d 564, 574.) Certainly no California court has embraced it, and ours will not be the first. Appellant's claims of error on this issue are rejected.

II-VI*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Vogel (C. S.), P. J., and Baron, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 11, 1996. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1703.