[No. A071295. First Dist., Div. Three. Apr. 7, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES W. NICHOLS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II A, II B, II D, II E, II F, II G and II H.

**COUNSEL**

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, and Ross C. Moody, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

PARRILLI, J.—A jury convicted appellant Charles W. Nichols of theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)). The jury also found appellant had suffered two prior convictions for robbery of an inhabited dwelling (and related crimes) on March 15, 1984, and first degree burglary on September 16, 1987. The court sentenced appellant to a term of

25 years to life pursuant to the three strikes law. (Pen. Code, § 667, subds. (d) & (e)(2)(A).[1])

Appellant raises eight separate issues in this appeal. Most significantly, appellant contends (1) the trial court erred when it failed to give appellant an opportunity to waive his right to conflict-free counsel when his first attorney declared a conflict of interest; (2) his second counsel also had a conflict of interest; and (3) the trial court erred when it refused to inform the jury this was a three strikes case in order to encourage them to exercise their power of "jury nullification." We affirm.

I

FACTS

The facts of the current offense are only tangentially relevant to the issues appellant raises on appeal. It is sufficient to note appellant was initially charged with unauthorized use or theft of a vehicle (Veh. Code, § 10851) and receiving stolen property. (Pen. Code, § 496, subd. (a).) The information alleged six prior felony convictions, four of which brought appellant within the three strikes sentencing scheme. The jury found appellant guilty only of the vehicle charge and found that he had suffered 2 three strikes priors.

The evidence established that on October 26, 1994, appellant was arrested while driving a stolen car, a 1959 Volkswagen. The car had been stolen in Santa Rosa sometime after October 21, 1994. The car contained items the police had reason to believe were stolen from appellant's brother. When the car was returned to its owner, the radio was missing. Although appellant admitted he was driving the stolen car when he was stopped, he claimed he had purchased it on October 26 from a man named Harry White for $250 in cash. Appellant said he did not know the car was stolen.

II

DISCUSSION

A., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[1]Subsequent statutory references are to the Penal Code, unless otherwise noted.
*See footnote, *ante,* page 21.

## C. *The Trial Court's Refusal to Inform the Jury That Appellant Was Charged Under the Three Strikes Law.*

Early in the trial, the court cautioned defense counsel against mentioning the potential punishment appellant was facing (25 years to life) or that this was a three strikes case. Counsel heeded this warning. However, later during trial, the jury sent a note to the court asking, "Is the defendant part of the three strikes and you're out?" The court responded: "You have given us a note. Sometimes we can answer them and sometimes it's not the appropriate thing to do. If you don't get an answer, you're not supposed to speculate what the answer might have been or make guesses. [¶] I do want to remind you again that in your deliberation, you're not to discuss or consider the subject of penalty or punishment. That subject must not, in any way, affect your verdict. You do have to live with the information that we give you folks here in this room."

■ Appellant claims the trial court erred by not informing the jury this was a three strikes case. We disagree.

First, to the extent the court informed the jury that the subject of penalty or punishment must not enter into its deliberations, the admonition was unquestionably correct. (CALJIC No. 17.42.) Without this admonishment, "a jury may permit their consideration of guilt to be deflected by a dread of seeing the accused suffer the statutory punishment." (*People* v. *Shannon* (1956) 147 Cal.App.2d 300, 306 [305 P.2d 101]; see also *People* v. *Alvarez* (1996) 49 Cal.App.4th 679, 687 [56 Cal.Rptr.2d 814]; *People* v. *Moore* (1985) 166 Cal.App.3d 540, 551 [211 Cal.Rptr. 856]; *People* v. *Allen* (1973) 29 Cal.App.3d 932, 936 [106 Cal.Rptr. 43] ["It is settled that in the trial of a criminal case the trier of fact is not to be concerned with the question of penalty, punishment or disposition in arriving at a verdict as to guilt or innocence."].)

However, appellant suggests the jury's question was more than a simple inquiry regarding punishment, but was instead an implicit request for guidance regarding the jury's power to ignore the evidence in the interests of justice. That is, appellant claims the jury wanted to know if appellant was a three strikes candidate because this was important to the jury's decision as to whether it should exercise its power of jury nullification.

Although the jury has " 'undisputed power' " to ignore the evidence and the law and to acquit if that is what it chooses to do (*People* v. *Fernandez* (1994) 26 Cal.App.4th 710, 714 [31 Cal.Rptr.2d 677]; *People* v. *Dillon* (1983) 34 Cal.3d 441, 490 [194 Cal.Rptr. 390, 668 P.2d 697] (conc. opn. of

Kaus, J.)), the courts have not required trial judges to instruct on this power. "During the 19th century, most American courts, including the United States Supreme Court, rejected whatever precedent there was on instructing the jury on its power to nullify a verdict and chose to follow the contemporary English practice of not instructing the jury on the point and of not permitting the matter to be raised in argument to the jury. [Citation.] Recent cases by the federal courts of appeals have reaffirmed this position. [Citation.]" (*People* v. *Fernandez, supra,* 26 Cal.App.4th at pp. 714-715.) The District of Columbia Circuit explained the reason why instructions on the jury's power of nullification are not given as a matter of course: "What makes for health as an occasional medicine would be disastrous as a daily diet. The fact that there is widespread existence of the jury's prerogative, and approval of its existence as a 'necessary counter to case-hardened judges and arbitrary prosecutors,' does not establish as an imperative that the jury must be informed . . . of that power." (*United States* v. *Dougherty* (D.C. Cir. 1972) 473 F.2d 1113, 1136 [154 App.D.C. 76], fn. omitted; see also *People* v. *Dillon, supra,* 34 Cal.3d at pp. 487-488, fn. 39 [Instructing on power of jury nullification "may achieve pragmatic justice in isolated instances, but we suggest the more likely result is anarchy."].)

Since the trial court was not required to instruct on the jury's power of nullification, we see no reason in law or logic why the court would be required to provide the jury with otherwise irrelevant information—such as the likely punishment—simply to encourage the jury to exercise that power. The Second District, Division Four recently reached a similar conclusion in *People* v. *Baca* (1996) 48 Cal.App.4th 1703 [56 Cal.Rptr.2d 445], review denied December 11, 1996. In *Baca,* the defendant, who was subject to the three strikes law, argued he " 'had an absolute right to have the jury made aware of the harsh sentence which the court would be required to impose if he were convicted, and to have the jury acquit him if they felt that the sentence was too harsh, regardless of the strength of the evidence of his guilt.' " (*Id.* at pp. 1705-1706.) The appellate court disagreed. Although the jury in *Baca* was actually aware the defendant was subject to the three strikes law (*id.* at p. 1706), the reviewing court concluded the trial court was not required to instruct on the precise penalty appellant faced or on the power of jury nullification. "The California cases, while recognizing the jury's 'undisputed power' to acquit regardless of the evidence of guilt, reject suggestions that the jury be informed of that power, much less invited to use it." (*Id.* at p. 1707, citing, inter alia, *People* v. *Honeycutt* (1977) 20 Cal.3d 150, 157, fn. 4 [141 Cal.Rptr. 698, 570 P.2d 1050] [jury properly instructed that possible punishment is not matter for its consideration]; *People* v. *Moore* (1968) 257 Cal.App.2d 740, 750 [65 Cal.Rptr. 450] [rule that trier of fact must not consider penalty or punishment in arriving at decision on guilt or innocence is fundamental].)

Here, informing the jury appellant was subject to three strikes would in effect be "inviting" the jury to exercise its power of jury nullification.

Finally, appellant relies on Justice Kaus's concurring opinion in *People* v. *Dillon* to argue that when a jury asks questions which concern its power to nullify a result which it considers unjust, courts are bound to tell the jurors the truth—that they have the absolute power to acquit. In *Dillon*, Justice Kaus concluded that when a jury in effect *asks* a trial judge if it has the power of nullification, the judge must answer truthfully that the jurors do have that power. (34 Cal.3d at pp. 492-493.) Putting aside for a moment whether the question in this case was tantamount to the jury asking if it had the power of nullification, we note none of Justice Kaus's colleagues joined in his view and the lead opinion expressly rejected it. (*Id.* at pp. 487-488, fn. 39; *People* v. *Partner* (1986) 180 Cal.App.3d 178, 185-186 [225 Cal.Rptr. 502].) Thus, in California, trial courts are not required to instruct on the power of jury nullification even if the jury asks whether it has that power.[6]

In sum, the trial court did not err when it refused to inform the jury this was a three strikes case or that the jury had the power to "nullify" the verdict.

D.-H.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

## III

### DISPOSITION

The judgment is affirmed.

Corrigan, Acting. P. J., and Walker, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 16, 1997. Mosk, J., was of the opinion that the petition should be granted.

---

[6]In a footnote, appellant acknowledges the California courts which have considered the issue have not "supported the view espoused [in this brief]." He claims this is because the California cases have not paid sufficient attention to the Sixth Amendment underpinnings to the power of jury nullification. What he does not explain, however, is why the Sixth Amendment underpinnings require a court to instruct on the power of jury nullification.

*See footnote, *ante*, page 21.