92 Cal.Rptr.2d 416 (2000)
77 Cal.App.4th 1297
The PEOPLE, Plaintiff and Respondent,
v.
Tye John ENGELMAN, Defendant and Appellant.
No. D032699.
Court of Appeal, Fourth District, Division One.
February 1, 2000.
Review Granted April 26, 2000.
Kyle Marie Wesendorf, under appointment by the Court of Appeal, Solana Beach, for Defendant and Appellant.
*417 Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Raquel M. Gonzalez and Esteban Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.
WORK, J.
Tye John Engelman appeals a judgment convicting him of robbery with personal use of a deadly weapon (Pen. Code, §§ 211, 12022, subd. (b)(1)) and assault with force likely to produce great bodily injury or with a deadly weapon (Pen.Code, § 245, subd. (a)(1)). For the following reasons, we reject his contention that the court erred by instructing the jurors, over his objection, they were obligated to advise the court if another juror expressed an intention to disregard the law in reaching a verdict. He faults this admonition, contained in the recently added CALJIC No. 17.41.1, as improperly intimidating jurors who are inclined to exercise what Engelman characterizes as their right to disregard the law through jury nullification. Accordingly, we affirm the judgment.

BACKGROUND
One night, Thomas Smith, who was homeless, was lying on his stomach near a bridge. Engelman hit him on the back of the head with a bottle and asked if he had any money. Smith said no. Engelman asked if he had any cigarettes. Smith said all he had was "rollies." Engelman said "That will do," grabbed Smith's package of tobacco, and walked away. Smith went to a restaurant and called 911. A deputy sheriff stopped Engelman near the crime scene. As the deputy was holding Engelman on the ground, the sheriffs dispatcher loudly and clearly announced that a pack of cigarettes had been taken in the robbery. Engelman volunteered that the cigarettes were in his pocket. After waiving his Miranda rights,[1] he said that he thought he could get away with stealing from Smith because homeless persons seldom report crimes.
Engelman testified that he saw a bottle on the ground, picked it up, and tried to throw it in a waterway, but it accidentally hit Smith. Smith got up and ran away dropping his tobacco, which Engelman retrieved.
The jury deliberated only one hour and forty minutes, with no questions to the court, before reaching a guilty verdict on both counts.

DISCUSSION
Over Engelman's objection, the court gave CALJIC No. 17.41.1, which reads: "The integrity of a trial requires that jurors, at all times during their deliberations, conduct themselves as required by these instructions. Accordingly, should it occur that any juror refuses to deliberate or expresses an intention to disregard the law or to decide the case based on [penalty or punishment, or] any [other] improper basis, it is the obligation of the other jurors to immediately advise the Court of the situation." (CALJIC No. 17.41.1 (1998 new) (6th ed. 1996).) Engelman contends that this instruction intrudes in the jury's decisionmaking by stating that the court will inquire into the reasons for the verdict, falsely representing that jurors will be sanctioned for refusing to follow the law, and pressuring minority jurors to acquiesce to the majority; contravenes his right to a unanimous verdict by intimidating jurors who disagree with the prosecution; infringes on his right to the independent and impartial judgment of each juror; and deprives him of his right to jury trial by preventing the jury from exercising its nullification power.
For more than 300 years, jurors have had the power to nullify, that is, "to disregard the court's instructions and the evidence presented and return a verdict of acquittal" where the law and the evidence dictate otherwise. (People v. Fernandez *418 (1994) 26 Cal.App.4th 710, 714, 31 Cal. Rptr.2d 677; People v. Baca (1996) 48 Cal.App.4th 1703, 1707, 56 Cal.Rptr.2d 445, citing Bushell's Case (1670) 124 Eng.Rep. 1006; United States v. Dougherty (D.C.Cir.1972) 473 F.2d 1113, 1130, citing Bushell's Case, supra.) The use of the general verdict and the bar against double jeopardy prevent any meaningful challenge to the exercise of this power. (People v. Fernandez, supra, 26 Cal.App.4th at p. 714, 31 Cal.Rptr.2d 677; United States v. Dougherty, supra, 473 F.2d at pp. 1130-1132; U.S. v. Thomas (2d Cir.1997) 116 F.3d 606, 615-616.)
While the power to nullify exists, however, there is no concomitant right to nullify. Indeed, the idea that there exists such a right is a "notion [with] virtually no support in modern American precedent." (People v. Baca, supra, 48 Cal.App.4th at p. 1707, 56 Cal.Rptr.2d 445; accord U.S. v. Thomas, supra, 116 F.3d at p. 615.) The jury "only has the right to find the facts, and apply to them the law as given by the court." (People v. Lem You (1893) 97 Cal. 224, 228, 32 P. 11, overruled on another ground in People v. Kobrin (1995) 11 Cal.4th 416, 427, fn. 7, 45 Cal.Rptr.2d 895, 903 P.2d 1027.) For this reason, trial courts are not required to instruct jurors that they possess the power to nullify. (People v. Dillon (1983) 34 Cal.3d 441, 487-488, fn. 39, 194 Cal.Rptr. 390, 668 P.2d 697; People v. Sanchez (1997) 58 Cal. App.4th 1435, 1445-1446, 69 Cal.Rptr.2d 16; People v. Baca, supra, 48 Cal.App.4th at pp. 1707-1708, 56 Cal.Rptr.2d 445; United States v. Dougherty, supra, 473 F.2d at pp. 1136-1137.)
Because jurors have a duty to follow the court's instructions (People v. Daniels (1991) 52 Cal.3d 815, 865, 277 Cal. Rptr. 122, 802 P.2d 906), an instruction so stating is unassailable. This duty, along with the absence of a right to nullify or a duty to advise of the power to nullify, justifies an instruction obliging jurors to report both refusals to deliberate and expressions of an "intention to disregard the law or to decide the case ... on [an] improper basis." (CALJIC No. 17.41.1.) (Ante, at p. 417.) A contrary conclusion would unnecessarily hinder trial courts in ensuring that jurors conducted their deliberations in accordance with the law. "[T]he power of juries to `nullify' ... is just thata power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent." (U.S. v. Thomas, supra, 116 F.3d at p. 615.) For these reasons, we conclude that the court did not err by giving CALJIC No. 17.41.1. The instruction was neither intrusive nor coercive. (Cf. People v. Sanchez, supra, 58 Cal.App.4th at pp. 1444, 1446, fn. 2, 69 Cal.Rptr.2d 16; United States v. Dougherty, supra, 473 F.2d at pp. 1137-1138.) Rather, it correctly reminded the jury of its duty to decide the case based on the evidence presented at trial and the law as instructed by the court. (Cf. People v. Baca, supra, 48 Cal.App.4th at p. 1706, 56 Cal.Rptr.2d 445.)

DISPOSITION
The judgment is affirmed.
KREMER, P.J., and HUFFMAN, J., concur.
NOTES
[1] Miranda v. Arizona (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.