NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAM SHELTON, Jr., | No. 09-16259 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00172-FCD-CHS |
| v. | |
| MIKE KNOWLES, Warden; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, District Judge, Presiding

Argued and Submitted August 31, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

Appellant-Petitioner Adam Shelton, Jr., appeals the district court's denial of

habeas relief.  Shelton was convicted of grand theft and burglary and was

sentenced under California's three-strikes law to thirty-one years to life in prison.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Shelton argues that there was constitutionally insufficient evidence to convict him, that his right to present a defense was violated when he was not allowed to present evidence of his recidivism to the jury, and that his sentence constitutes cruel and unusual punishment. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c) and we affirm.

## I. RELEVANT FACTS

A few minutes before closing on April 20, 2004, an alarm sounded at a CompUSA store, indicating that the rear emergency exit door had been opened. Two employees, Richard Robinson and Kevin Fuller, went out the rear emergency exit door, which had been propped open. Robinson saw Shelton peek above the dumpster. He recognized Shelton as a customer who he had seen in the store some minutes earlier but had not seen leave through the front door.

As Shelton began walking away, Robinson and Fuller followed him, telling him to stop so they could talk to him. Shelton continued to walk away, and Fuller called 911 as he and Robinson stayed in pursuit. Shelton scaled a nearby wall, but police soon caught and detained him. Meanwhile, at CompUSA, an employee had found three computer monitors behind the dumpster. They were lightweight and had been stored near the rear emergency exit door.

Two police officers later watched CompUSA's surveillance tape from that evening. The tape showed a man enter through the front door as the store was getting ready to close and walk toward the back of the store. The man never exited the front door.

## II. LEGAL STANDARD

We review de novo a district court's decision to grant or deny a habeas petition under 28 U.S.C. § 2254. *Arnold v. Runnels*, 421 F.3d 859, 862 (9th Cir. 2005). For a petition to be granted under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must demonstrate that the state court decision on the merits was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Under AEDPA, an unreasonable application of law is not merely clearly erroneous; it is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003).

## III. SUFFICIENCY OF THE EVIDENCE

Shelton claims that his due process rights were violated because there was insufficient evidence from which a reasonable factfinder could have found him

3

guilty beyond a reasonable doubt of the charged crimes. Shelton argues that the state court unreasonably applied *Jackson v. Virginia*, in which the Supreme Court held that evidence is constitutionally sufficient to support a conviction as long as, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979). "After AEDPA," we apply "the standards of *Jackson* with an additional layer of deference." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005).

### A.    Grand Theft

Shelton argues that the jury lacked sufficient evidence from which to find that it was he who committed the grand theft. However, two CompUSA employees—Robinson and Fuller—identified Shelton as the man whom they saw behind the dumpster and followed as he quickly walked away despite their requests that he return. Robinson also testified that he remembered seeing Shelton in the store shortly before closing. Shelton's behavior, combined with his proximity to the monitors behind the dumpster, constitutes sufficient evidence of guilt to support the jury's verdict.

### B.    Burglary

Shelton argues that there was insufficient evidence from which the jury could have found that he entered the CompUSA store with the intent to commit grand or petit theft. The jury was entitled to believe that Shelton was the man on the videotape who walked directly toward the back of the store after entering, and who was found soon afterward crouched behind the dumpster. From this evidence, a rational factfinder could draw an inference beyond a reasonable doubt that Shelton entered the store with the requisite intent.

Shelton's sufficiency of the evidence claim fails.

## IV. EVIDENCE OF RECIDIVISM

Shelton also argues that his right to present a defense was violated when the trial court prevented him from presenting evidence that he fled because he feared application of the three-strikes law and consequent life imprisonment. A defendant has a right to present relevant evidence, but that right may be balanced against "other legitimate interests in the criminal trial process." *Rock v. Arkansas*, 483 U.S. 44, 55 (1987) (citation and quotation marks omitted).

Even though evidence of recidivism was relevant to the question of why Shelton fled, its exclusion did not infringe upon Shelton's constitutional rights. California's rule that a jury may not discuss or consider the question of punishment in its determination of guilt serves a legitimate interest in the criminal trial process:

5

it prevents jurors from "permit[ting] their consideration of guilt to be deflected by a dread of seeing the accused suffer the statutory punishment." *People v. Nichols*, 62 Cal. Rptr. 2d 433, 434 (Ct. App. 1997) (citation and quotation marks omitted) (three strikes case). This rule is not clearly contrary to clearly established Supreme Court precedent so as to support a habeas claim under the deferential standards of AEDPA.

## V. CRUEL AND UNUSUAL PUNISHMENT

Finally, Shelton claims that his sentence of thirty-one years to life in prison is grossly disproportionate to his crimes and is therefore cruel and unusual punishment under the Eighth Amendment. "'The Eighth Amendment does not require strict proportionality between crime and sentence,'" but rather "forbids only extreme sentences that are grossly disproportionate to the crime." *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality opinion)(internal quotation marks omitted) (holding that Ewing's sentence of twenty-five years to life for grand theft did not constitute cruel and unusual punishment).

Shelton's criminal history is longer and considerably more serious than Ewing's. In addition, the shoplifting offense of which Shelton was convicted was more serious than Ewing's. The fact that *Ewing* is at least arguably controlling

means that the California Court of Appeal's decision cannot be characterized as an unreasonable application of Supreme Court precedent.

## VI. CONCLUSION

The district court's decision to deny Shelton's petition for habeas relief is hereby **AFFIRMED**.

***Shelton v. Knowles***, **Case No. 09-16259**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.